JOHN L. SULLIVAN v. THE STATE.

No. 7667.   Decided June 6, 1923.

Rehearing denied October 24, 1923.

1.—Theft of Cattle—Bills of Exception.

The stating of a question asked, and of the grounds of objection made thereto by the accused, and of the fact that the court overruled the objection, does not put this court in possession of such facts as will enable it to determine the validity of the objection made, unless the surrounding facts are stated, etc.

2.—Same—Bills of Exception—Objections.

If a question be asked, and a number of objections made, and this be followed by a statement that the court overruled the objection, the presumption on appeal in favor of the correctness of the action of the trial court must prevail unless there be some showing that error was committed.

3.—Same—Numbering Bills of Exception.

Bills of exception should be numbered and the court should not be compelled to number them.

4.—Same—Evidence—Bill of Exception.

A bill of exceptions such as this presents no condition from which this court could ascertain whether the question was responsive or not.

5.—Same—Evidence—Bill of Exceptions.

There being nothing in the bill by which this court can get information as to just what was being said or how or in what way the language of the court was improper, the same cannot be considered on appeal.

**6.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft of cattle, the evidence was sufficient to support the conviction, under a proper charge of the court, there was no reversible error.

**7.—Same—Rehearing—Bills of Exception.**

Where the trial judge nowhere certified to the truth of the matters complained of in the bills of exceptions, which are only stated as objections, the same will not be considered on appeal; besides, the bills are not so worded as to require this court to examine the statement of facts in aid thereof.

Appeal from the District Court of Jefferson. Tried below before the Honorable W. H. Davidson.

Appeal from a conviction of theft of cattle; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Howth & O'Fiel*, and *Lamar Hart*, for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Jefferson County of theft of cattle, and his punishment fixed at three years in the penitentiary.

Mr. Disch had a number of young calves ranging from one to four months old. He kept them at night in a pen. One Zock also had cattle which were mingled with those of Mr. Disch. On the night of July 15, 1922, according to the State's testimony, four calves were taken from the pen of Mr. Disch after eight o'clock at night and before four o'clock the next morning. Three belonged to him and one to Mr. Zock. According to the State's testimony these calves were found a little later in the possession of appellant. They were identified and claimed by the wife of Mr. Disch, and when found in the possession of appellant he claimed to have bought them from Mr. Zock. When next seen by the owners, three of the calves were dead and the fourth nearly dead and their bodies were hidden in a thicket. Upon the trial appellant admitted that he and his wife knocked them in the head and took them out there because they were afraid they were going to have trouble over them. The question of appellant's innocent connection with the calves resulting from a purchase of them by him from Mr. Zock, was submitted to the jury in the charge.

Appellant has a large number of bills of exception which are identical and present exactly the same question. Such procedure but encumbers the record and costs the State in its preparation. We have carefully examined the bills of exception and as to bills Nos.

1, 2, 4, 6, 8, 9, 10, 12, 13, 14, 15, 16, 17 and 18, find them to be in such shape as to present nothing for our consideration. The rules have so often been referred to by this court as that they ought to be well understood. The stating of a question asked, and of the grounds of objection made thereto by the accused and of the fact that the court overruled the objection, does not put this court in possession of such facts as will enable it to determine the validity of the objection made. Unless there be stated some such surrounding facts or antecedent circumstances as will enable us to know that the grounds of objection stated are true and tenable, this court has nothing before it in a bill of exceptions from which it could determine error. If a question be asked and a number of objections made and this be followed by a statement that the court overruled the objection, the presumption on appeal in favor of the correctness of the action of the trial court must prevail, unless there be some showing in the bill itself from which we could conclude that error had been committed.

Appellant's bills of exception are not numbered. This should not be allowed and we have been compelled to number them ourselves for convenience and in order to keep up with them.

Appellant's bill of exceptions No. 3 complains of the testimony of a State witness not being responsive to a question asked by appellant on cross-examination concerning the reputation of witness Zock. The question was "Have you ever discussed it with anybody else?" The answer was "I don't think so, I had no occasion to." A bill of exceptions such as this presents no condition from which we could ascertain or learn whether the question was responsive or not.

Bill of exceptions No. 5 complains of the fact that the trial court interrupted the defendant while he was attempting to give a number of reasons why he had killed the stolen animals in question and that the court said "We can not be going into the trial of those city and justice court cases." There is not a thing in the bill by which we can get information as to just what was being said or how or in what way the language of the court was improper. This is true of the matter complained of in bills of exceptions Nos. 7 and 11.

The evidence seems to us amply sufficient to support the conviction. The charge of the court seems fair and full and not open to any of the exceptions reserved thereto.

We have found no error in the record and an affirmance is ordered.

*Affirmed.*

95 T. C.—34

ON REHEARING.

October 24, 1923.

HAWKINS, JUDGE.—Appellant's motion relates to our refusal to consider many of his bills of exception. He recognizes the correctness of the requirements as to bills stated in the original opinion, but insists the ones not considered are not subject to the vice pointed out. In view of such contention we have again examined them and regret that we cannot agree with him. The trial judge nowhere certifies to the truth of the matters complained of; they are only stated as objections. (See Sec. 209, Branch's Ann. PP. C.) Neither can we agree to the proposition that the bills are so worded as to require us to examine the statement of facts in aid thereof. (See Sec. 213, Branch's Ann. P. C.) The authorities collated under said section present the exception to the rule that this court will not ordinarily refer to the statement of facts in aid of a bill. Nothing in the record brings the bills in this case within the exception.

The motion for rehearing will be overruled.

*Overruled.*