## Matthew King v. The State.

No. 18401.   Delivered June 3, 1936.
Rehearing Denied June 26, 1936.

The opinion states the case.

*Rollie Fancher*, of Seymour, and *Jim Kendall*, of Munday, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of the offense of murder, and his punishment was assessed at confinement in the state penitentiary for a term of twenty-one years.

The testimony adduced, briefly stated, shows that H. A. Davis, the deceased, was the proprietor of a cafe in the town of Seymour; that he also had a permit to engage in the sale of beer and other cold drinks. Appellant's wife was employed by the deceased in and about his place of business. Appellant was opposed to his wife working in the cafe for the deceased and requested the deceased not to employ her. On the night

of the alleged homicide appellant met the deceased near the deceased's place of business and said to him, "I have told you about working my wife," to which the deceased attempted to make some reply when the appellant shot him. Appellant testified that he had talked to the deceased and had asked him not to employ his wife; that he had been away from Seymour just prior to the difficulty for about two months and during his absence the deceased had again employed his, the appellant's, wife; that on the night of the difficulty he met the deceased and said to him, "I told him I asked you not to work my wife"; that he, deceased, commenced fumbling at his overcoat pocket which caused appellant to believe he was going to shoot, thereupon he, the appellant, drew his gun and shot the deceased twice. It was shown that at the time he was killed deceased had his hand in his overcoat pocket which contained a flashlight, and that he had a pistol in his hip-pocket.

By bills of exception numbers one and two appellant complains of the action of the trial court in permitting the witness Floyd Davis, son of deceased, to testify on direct examination that the pistol, which was introduced as evidence by the State and identified as belonging to his father, had been carried by the deceased for approximately twenty or thirty days prior to the time he was killed. That deceased had had a little difficulty and had been attacked by someone other than the defendant and that is when he started carrying the gun—to which the appellant objected because it was immaterial and irrelevant, hearsay, and a supposition of the witness.

By bill of exception number three appellant complains of the following testimony given by H. A. Davis to the effect that his father, the deceased, was in bad health and weak physically. The ground of the objection was that such testimony was immaterial and irrelevant. All of said bills are in such a condition as not to put this court in possession of facts from which we could appraise the correctness of the objections made. To merely object for stated reasons to a matter not obviously inadmissible, and to go no further than to state the grounds of the objection, and the further fact that the court overruled the same, furnishes no means of knowing the connection, antecedent testimony, or other matters from which this court might detect error. On appeal this court must indulge the presumption of the correctness of the ruling of the trial court unless the bill of exception clearly shows the contrary. The bill under consideration shows nothing more

than to state the ground of objection and is, therefore, insufficient.

Having reached the conclusion that the bills of exception are insufficent to disclose any error, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We did not discuss appellant's second bill of exceptions because we saw in same nothing of merit, and nothing suggesting possible harm to the rights of appellant. Appellant's case of self-defense rested entirely on the theory of apparent danger based on testimony that deceased had a pistol on his person, and was fumbling in his overcoat pocket when appellant shot him. Whether deceased had the pistol to use in an attack on appellant, or for self-defense, or for any other purpose,—could not affect or defeat appellant's right to act on the reasonable appearance of danger. The fact that the son of deceased was permitted to testify that his father began carrying a pistol twenty or thirty days before his shooting, because of a difficulty with some other person than this appellant, could have neither added to nor taken away from the appearance of danger as same appeared to appellant from his standpoint at the time of the shooting. The two men met, and deceased had his hand in his overcoat pocket. Appellant claimed that deceased was fumbling in his pocket, and that he feared he was going to shoot him, and drew his pistol and shot deceased. As a matter of fact, shown without dispute in testimony,—the pistol had by deceased was in his hip pocket. The hand whose fumbling motion appellant said caused him to fear, and to shoot, was in the overcoat pocket of deceased, which was found to have in it a flash light. We find nothing in any complaint appearing in appellant's supplemental transcript.

Being unable to agree with any of appellant's contentions, the motion for rehearing is overruled.

*Overruled.*

MORROW, P. J., absent.