**Domitilo MORENO, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 52097, 52098.**

Court of Criminal Appeals of Texas.

Dec. 8, 1976.

R. C. Andrews, Houston, for appellant.

Carol S. Vance, Dist. Atty. and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

Cause No. 52,097 is a conviction for burglary of a habitation. Cause No. 52,098 is a conviction for possession of tetrahydrocannabinols. In each case, appellant waived trial by jury and entered pleas of guilty before the court. Punishment was assessed at five years in each case.

On May 26, 1976, the appeals were abated because there was nothing before this Court to reflect that appellant had been advised of his right to file a pro se brief or advised that he would be given an opportunity to review the appellate records in order to aid him in filing such a brief. See *McMahon v. State*, 529 S.W.2d 771 (Tex.Cr.App.1975), and cases there cited.

In compliance with the order of this Court, on July 8, 1976, the trial court conducted a hearing and found, in part, as follows:

". . . It has also been made known to this Court that this defendant was mistakenly released by the Texas Department of Corrections, apparently not knowing of the convictions in Harris County, but the defendant then and there well knew and voluntarily absented himself from detention, and at this time the defendant is not in custody and not under bond and his present whereabouts are unknown to the defense counsel and to this Court; . . ."

Moreno is in the same position as an escapee. In *Prince v. State*, 169 Tex.Cr. 559, 336 S.W.2d 140 (1960), this Court held .that, where one has been released on bail when he was not entitled to bail under Article 815, V.A.C.C.P. (1925) [now Article 44.04] because he had been assessed a punishment of more than fifteen years, he had the status of an escapee.

Article 44.09, V.A.C.C.P., provides that if a defendant, pending appeal in a felony case, makes his escape from custody the jurisdiction of the Court of Criminal Appeals will no longer attach in the case. *Holliday v. State*, 482 S.W.2d 215 (Tex.Cr. App.1972); *Webb v. State*, 449 S.W.2d 230 (Tex.Cr.App.1969); *Redman v. State*, 449 S.W.2d 256 (Tex.Cr.App.1970). See *Ex parte Leopard*, 520 S.W.2d 759 (Tex.Cr.App. 1975).

Because Moreno is in the status as an escapee, this Court does not have jurisdiction except to dismiss the appeals.

The appeals are dismissed.

ONION, P. J., concurs in the result.