Richard Gardner THOMPSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 62102.

Court of Criminal Appeals of Texas, Panel No. 3.

Nov. 24, 1982.

---

Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for burglary of a motor vehicle. After the jury found appellant guilty, the court assessed punishment, enhanced by a prior conviction, at eight years.

Appellant was sentenced on August 21, 1978. On the day of sentencing, the clerk of the court directed the Sheriff of Harris County to deliver appellant to the Texas Department of Corrections. Appellant was received by the Department of Corrections on August 29, 1978. On March 10, 1980, appellant posted a $10,000.00 appeal bond which was approved by the trial court. On January 20, 1981, the trial court entered an order which recites that appellant has been released on bond and cannot be located.

With regard to the delivery of the place of confinement, Art. 42.09, Sec. 5, V.A.C. C.P., provides:

"If a defendant is convicted of a felony and his sentence is a term of ten years or less and he gives notice of appeal, he shall be transferred to the Department of Corrections on a commitment pending a mandate from the Court of Criminal Appeals upon request in open court or upon written request to the sentencing court. *Upon a valid transfer to the Department of Corrections under this section, the defendant may not thereafter be released on bail pending his appeal.*" (Emphasis added).

In the instant cause, appellant gave notice of appeal following imposition of the eight year sentence. Appellant was then transferred to the Department of Corrections. No written request for such transfer appears in the record. The record does not contain a transcription of the court reporter's notes from the time of sentencing at which time an oral request for such transfer could have been made in open court. In the absence of a showing to the contrary, this Court will presume that the trial court's actions were correct. *King v. State,* 131 Tex.Cr.R. 56, 95 S.W.2d 454; *Sullivan v. State,* 95 Tex.Cr.R. 527, 254 S.W. 966. We will therefore presume that appellant's arrival at the Department of Corrections on August 29, 1978, came about as the result of a valid transfer under Art. 42.09, Sec. 5, supra. Appellant having been validly transferred to the Department of Correc-

tions, he was not thereafter eligible to be released on bail pending appeal. Thus, appellant was erroneously released when the court approved his appeal bond on March 10, 1980.

■ In *Prince v. State,* 169 Tex.Cr.R. 559, 336 S.W.2d 140, it was held that when a defendant has been released on bail when he is not entitled to bail, he has the status of an escapee and the appeal will be dismissed. In *Moreno v. State,* 544 S.W.2d 398 (Tex.Cr.App.), it was held that when a defendant is mistakenly released by the Department of Corrections and his whereabouts are unknown to defense counsel and the court, his appeal will be dismissed because he has the status of an escapee.

In the instant cause, appellant has been erroneously released on bail. His whereabouts are unknown to the court and defense counsel. Appellant is in the status of an escapee. *Prince v. State,* supra; *Moreno v. State,* supra. Art. 44.09, V.A.C.C.P., provides that if a defendant, pending appeal in a felony case, makes his escape from custody, the jurisdiction of this Court will no longer attach to the case.

The appeal is dismissed.

TEAGUE, Judge, dissenting.

I must respectfully dissent, for the reasons to be stated, to the majority's holding that the appellant is an escapee and that his appeal should be dismissed.

My interpretation of the chronology of the important events of this cause reflects the following:

On August 10, 1978, appellant was convicted by a jury for committing the offense of burglary of a motor vehicle. The trial court assessed appellant's punishment at 8 years' confinement in the penitentiary.

On August 21, 1978, appellant was sentenced, after which he gave notice of appeal to this Court.

On August 21, 1978, the clerk of the trial court completed clerk's form number C–4202–D, which is a commitment order directing the Sheriff of Harris County to deliver the appellant to the custody of the officials of the Texas Department of Corrections. The trial judge did not sign the commitment order.

The return on the commitment order reflects that on August 29, 1978, the appellant was received by officials of the Texas Department of Corrections.

Until August 21, 1978, Hon. James Tatum represented the appellant. On that date, a docket sheet entry was made that Hon. Craig Washington was going to represent the appellant on his appeal. However, after this Court handed down an opinion on September 19, 1979, Washington wrote this Court a letter dated September 24, 1979, stating therein that he had never represented the appellant. Nevertheless, at all times while the cause was on appeal to this Court, Washington was the only attorney notified by the District Clerk of Harris County of all official things concerning the appeal. Apparently, contrary to what he did in this Court, Washington never communicated to the trial court officials the fact that he did not represent the appellant.

On September 19, 1979, this Court in an unreported per curiam opinion affirmed appellant's conviction.

On November 14, 1979, on its own motion, this Court handed down an opinion which abated the appeal. This Court ordered the trial court to determine the following:

1) who represented the appellant in his appeal;

2) whether the failure of counsel to file an appellate brief was done with appellant's knowledge and consent; and

3) whether the appellant was presently indigent for purposes of the appeal.

This Court then ordered the following:

At the conclusion of the hearing ordered herein the trial court should prepare a supplemental transcript contain-

ing its findings and conclusions and a transcription of the court reporter's notes at said hearing to this Court.

On December 17, 1979, the trial court issued a show cause order to Hon. Ealy A. Bennett, directing Bennett to show cause why he had failed to file an appellate brief on appellant's behalf during the pendency of the appeal. This order issued pursuant to a motion filed by an Assistant District Attorney, Hon. Michael David Olson. However, my search of the record before this Court does not indicate how Bennett got into the picture or why the show cause order was addressed to him.

On January 3, 1980, the trial court appointed Hon. E. Neil Lane to represent appellant on his appeal. The record, however, does not indicate that Appellant was present in court on January 3, 1980.

On March 12, 1980, the appellant posted with the Sheriff of Harris County a bail bond in the amount of $10,000. This bond had been approved by the trial judge on that date, and appellant was released by the Sheriff, pursuant to the posting of the bail bond.

Of course, the Sheriff would not have released appellant had he believed the bail bond was not a valid undertaking or that the trial judge had unlawfully approved the bail bond.

In an order dated January 20, 1981, the trial judge states therein that on December 12, 1980, he entered an order for a hearing to be held on whether the appellant was an indigent for purposes of the appeal. The date when the hearing was held is not reflected in the January 20, 1981, order. The December 12, 1980, order is not in the record. Appellant was not present in court on December 12, 1980. The January 20, 1981, order also reflects that Lane and the appellant's bail bondsman were present at the hearing whenever it was held. There is nothing in the record to reflect or indicate that the appellant ever received any notice,

personal or otherwise, of the hearing. The trial court, after the hearing, caused to be issued an alias capias for the arrest of the appellant, "for failure to answer concerning his indigency."

The order of January 20, 1981, reflects several conclusions of the trial judge. However, they are not supported by any facts. He concluded that because the appellant had made bail and had not been in communication with his court appointed attorney, Lane, that this "inforces [sic] his abuse of the appellate process." The order also reflects that Lane was relieved as court appointed counsel on the day the order was signed.

This record is void of anything to show that any action was ever taken by the trial court regarding the posted bail bond. To this day, there is nothing to indicate or reflect that it has been forfeited. On February 21, 1981, a supplemental transcript from the trial court was received and filed by the clerk of this Court. It contains several of the documents to which I have made reference in the above chronology of events.

The law is clear that if a defendant, pending the appeal of a felony conviction, *escapes* from custody, the jurisdiction of the Court of Criminal Appeals will no longer attach and the appeal will be dismissed. See *Holliday v. State,* 482 S.W.2d 215 (Tex. Cr.App.1972); *Webb v. State,* 449 S.W.2d 230 (Tex.Cr.App.1969); *Redman v. State,* 449 S.W.2d 256 (Tex.Cr.App.1970); *Ex parte Leopard,* 520 S.W.2d 759 (Tex.Cr.App. 1975). See also *Estelle v. Dorrough,* 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975). Such a person may either be a fugitive or an escapee or both.

However, the words "fugitive" and "escapee" are not necessarily synonymous. Generally speaking, one is a fugitive when he, with knowledge that he is being sought pursuant to court process, absents himself or flees from the jurisdiction of either a State or a court. *Tobin v. Casaus,* 275 P.2d 792, 794, 128 Cal.App.2d 588 (1954). See

also *Ex parte Mc Daniel,* 76 Tex.Cr.R. 184, 173 S.W. 1018, 1019 (1915); *Ex parte Harrison,* 568 S.W.2d 339, 344 (Tex.Cr.App.1978). V.T.C.A., Penal Code, Sec. 38.01, defines the word "escape" to mean the following: "unauthorized departure from custody or failure to return to custody following temporary leave for a specific purpose or limited period, but does not include a violation of conditions of probation or parole." Thus, a person becomes an escapee when he unlawfully departs from custody or fails to return to custody after being granted permission to leave custody.

By the stated definitions, appellant cannot be either a fugitive or an escapee. Due process requires that before there can be a showing of a violation of a lawful court order there first must be a showing that the person was personally served with a show cause order or it must be established that the person had knowledge of the contents of such order. *Ex parte Herring,* 438 S.W.2d 801 (Tex.1969). Because there is no showing in this record that the appellant ever had notice, either personal or otherwise, of the hearing held pursuant to the order of December 12, 1980, I do not see how an alias capias could convert him into being a fugitive from justice, much less an escapee. When the appellant was released on bail, he was lawfully released with the trial judge's knowledge and approval. Cf. *Prince v. State,* 169 Tex.Cr.R. 559, 336 S.W.2d 140 (1960); *Moreno v. State,* 544 S.W.2d 398 (Tex.Cr.App.1976). He, therefore, was not an escapee from a penal institution.

The record is clear that appellant was released on bail on March 12, 1980, with the knowledge and approval of the trial court. It is also clear that on November 14, 1979, this Court handed down an order in the form of an opinion directing the trial court to ascertain certain facts. This Court's Order was not complied with by the trial court. Instead, on March 12, 1980, the trial judge approved appellant's release from jail on bail in the amount of $10,000. The trial

court also relieved one attorney and then appointed another attorney. On January 20, 1981, the trial judge relieved the latter attorney as court appointed attorney for the appeal.

The majority makes an effort to invoke the provisions of Art. 42.09, Sec. 4, V.A.C. C.P., in order to hold that the appellant is an escapee. I must ask the following question: Where is there anything in this record to show that the appellant ever requested in open court or made a written request that he wanted to be transferred to the Texas Department of Corrections—as required by the statute? The majority concedes such a declaration does not exist in this record.

To overcome this void, the majority seizes upon the presumption that the trial court's actions were correct. Using that presumption, it is then able to conclude: "We will therefore presume that appellant's arrival at the Department of Corrections on August 29, 1978, came about as the result of a valid transfer under Art. 42.09, Sec. 4, supra. Appellant having been validly transferred to the Department of Corrections, he was not thereafter eligible to be released on bail pending appeal. Thus, appellant was erroneously released when the court approved his appeal bond on March 10, 1980."

I must also ask: If such a presumption is valid in the one instance, why is it not applicable in the other? As there is not anything of an affirmative nature in this record to reflect that the appellant was lawfully transferred to the Texas Department of Corrections, see and cf. *Ex parte Briones,* 563 S.W.2d 270 (Tex.Cr.App.1978); *Ex parte Norvell,* 528 S.W.2d 129 (Tex.Cr. App.1975), does it not stand to reason that the appellant may not have been legally transferred to the penitentiary? It is common knowledge among the members of the Bench and Bar of this State that a person who has a penitentiary sentence to serve will be accepted by officials of the Texas Department of Corrections upon presentment of the body and the following documents: a judgment, sentence, and commit-

ment. It, therefore, appears to me that as there is nothing of an affirmative nature in the record to reflect a compliance with Art. 42.09, Sec. 4, supra, when appellant was transferred to and accepted by officials of the Texas Department of Corrections, the deputy district clerk should not have completed the commitment form. However, once the trial judge discovered the error the clerk committed, it stands to reason that the trial judge thereafter took action to correct that error. If we can apply the presumption that the trial court's actions were correct in having the appellant transferred to the Texas Department of Corrections, should it not logically follow that we should presume that the trial judge lawfully authorized the appellant's release on bail pending appeal? Surely we cannot presume or infer that a trial judge would unlawfully approve the release on bail of someone who should not have been released on bail. But, is that not what the majority is implicitly holding? The majority cites and relies upon the cases of *Prince v. State,* supra, and *Moreno v. State,* supra, as its authority for its conclusion that the appellant is an escapee. However, this Court recently, in *Ex parte Morris,* 626 S.W.2d 754 (Tex.Cr.App. 1982), concerned itself with the erroneous release of an inmate from the Texas Department of Corrections, without any fault attributed to the inmate. This Court held that an inmate who was released from the Texas Department of Corrections, *through no fault of the inmate,* was entitled to credit on his sentence for the time he was out of custody. Had the inmate been an escapee, he would not have received that credit. I believe, in principle if nothing else, that *Morris* implicitly overruled such decisions as *Prince* and *Moreno,* if they hold that an inmate who has been mistakenly or erroneously released, through no fault of the inmate, is an escapee. Unquestionably, by virtue of *Morris* and the authorities cited in *Morris,* if the majority is correct, even though appellant has been released on bail since March 12, 1980, he will be entitled, upon reconfinement in the penitentiary, to day for day credit on his sentence. Otherwise, the majority will have accomplished the impossible; that is, it will be able to have its cake and also get to eat it.

At a minimum, this cause should be remanded to the trial court for it to comply with this Court's opinion dated November 14, 1979. If the cause is placed on the docket of the trial court, and the appellant is legally notified of the setting, and fails to appear, the bail bond may be forfeited, and an alias capis may issue for the appellant's arrest. If that occurs, then the appellant may very well find himself classified as a fugitive from justice. However, even in that event, he still will not be an escapee pursuant to the provisions of Art. 44.09, V.A.C.C.P.

To the majority's erroneous holdings, I respectfully dissent.