Doni v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-220-CR

     KWAMI A. DONI,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Criminal Court at Law No. 4
Harris County, Texas
Trial Court # 9328691
                                                                                                    

O P I N I O N
                                                                                                    

      Kwami Doni was charged by an information with the unlawful appropriation of fifteen packs
of cigarettes having a value over twenty dollars and under two-hundred dollars. See Tex. Penal
Code Ann. § 31.03 (Vernon 1989 and Supp. 1994). His written plea of guilty, approved by his
attorney, was accompanied by a waiver of (a) a jury trial, (b) the right to compel witnesses to
testify for him, (c) the right to confront and cross-examine the complainant, (d) the right to be
arraigned and have the charge read in open court, (e) the right to remain silent, and (f) the right
to the ten-day period for counsel to prepare for trial. He further requested that no pre-sentence
investigation be made. The plea was entered under a plea-bargain agreement that provided for a
sentence of fifteen days in jail as the recommended punishment. He entered the plea and was
sentenced on July 16, 1993.
      Twenty days later, he filed a motion to withdraw his guilty plea on the grounds that he only
understands, speaks, reads, and writes French and Ewe, not English. Because no one in court
spoke French and the proceedings were in English, he says he did not have any understanding of
the proceedings and his waivers were not voluntary, intelligent waivers of his rights under the
United States Constitution. His motion was accompanied by his affidavit—in English. The court
took no action on his motion to withdraw, and he filed a notice of appeal on August 16.
      In two points Doni contends (1) that his plea was not voluntary and violated his constitutional
right to due process and (2) the court erred in failing to grant the motion to withdraw his plea. 
In response, the State points out that we have nothing to review. Apparently, Doni's counsel at
the plea hearing did not request that the proceedings be transcribed. Further, although Doni's
affidavit setting forth the basis for the motion is attached to his motion for new trial, counsel
apparently never requested a hearing on the motion and it was overruled by operation of law. We
cannot consider the affidavit. See Stephenson v. State, 494 S.W.2d 900, 909-10 (Tex. Crim. App.
1973).
      In the absence of a showing to the contrary, we must presume that the trial court's actions
were correct. See Thompson v. State, 641 S.W.2d 920, 921 (Tex. Crim. App. [Panel Op.] 1982). 
Thus, we have no choice but to overrule his points of error. We affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed February 8, 1995
Do not publish