Suede-M v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-118-CR

     MARIA SUEDE,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the Criminal District Court No. 2
Dallas County, Texas
Trial Court # F93-59144-HI
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant appeals from her conviction for unlawful delivery of cocaine (less than 28 grams)
for which she was sentenced to 30 years in the Texas Department of Criminal Justice and a $1,000
fine.
      On May 18, 1993, Appellant pled guilty to delivery of cocaine (under 28 grams) before the
trial court. This was an open plea. No plea bargain was involved. Appellant signed a written
judicial confession and a stipulation of evidence. She was advised by the court of the range of
punishment. The trial judge, after presentation of evidence, found there was sufficient evidence
to substantiate Appellant's guilt, made no finding of guilt, and placed Appellant on deferred
adjudication probation for five years subject to the terms and conditions of probation.
      The trial judge admonished Appellant regarding deferred adjudication stating:
Now I do not find you guilty. You do not have a conviction. You do the right thing
on probation and do exactly what I tell you, at the end of your probationary period I'm
going dismiss this case against you. However, if you violate any term and condition of
probation, I will proceed with an adjudication of guilt, no question, I'm going to revoke
your probation and beyond any doubt I'm going to send you to the penitentiary, five
years up to ninety-nine or life and up to a $20,000 fine; do you understand that?
[APPELLANT] Yes, sir.
Never fail to report and I promise you the day you miss is the day you really are
going to the pen, it's just a question of when I find you, and the nice thing about it,
ma'am, I always get my man, sometimes two years, sometimes three, but I never fail to
get them, New York, Florida, California; I don't even care; I'm going to bring you back
and even if you have been living straight and narrow, it doesn't matter to me; you
understand that I'm saying to you?
[APPELLANT] Yes, sir.
If you need any help come to see me.
[APPELLANT] Yes, sir.
      In September 1993, the State filed its motion to proceed with adjudication of guilt alleging
Appellant failed to report to her probation officer and failed to pay her probation fees for June,
July and August of 1993. On November 9, 1993, the trial court held an adjudication hearing. 
Appellant pled "true" and her written plea of "true" and stipulation of evidence were admitted into
evidence.
      At the adjudication hearing the trial court stated:
In this hearing you have an absolute right to have witnesses testify for you, as well
as the right to cross-examine witnesses that accuse you of these allegations. You further
have the right to plead "true" or "untrue" to the allegations. However, I do warn you
that if you enter a plea of "true" to the allegations, the court will find the allegations to
be true, make a determination to proceed with adjudication of guilt, revoke your
probation, sentence you anywhere from five years up to ninety-nine or life in the
penitentiary, and assess a fine of up to $20,000; do you understand that?
[APPELLANT] I understand.
      The trial court found the allegations "true" and found Appellant guilty, assessed punishment
at 30 years in the Texas Department of Criminal Justice, and a $1,000 fine.
      Appellant appeals on one point of error: "Whether the trial court violated Appellant's right
to due course of law guaranteed by Article I, Sec. 19 of the Texas Constitution, by prejudging her
sentence and failing to provide an impartial forum for the assessment of punishment."
      Specifically, Appellant claims that the trial court predetermined her sentence when it deferred
finding of guilt and placed her on probation. Section 19, Article I of the Texas Constitution,
provides: "No citizen of this Sate shall be deprived of life, liberty, property, privilege or
immunities, or in any manner disfranchised, except by due course of the law of the land."
      Appellant must make a "clear showing" that the trial court predetermined her sentence. The
Texas Constitution requires a neutral and detached hearing officer. Nonetheless, in the absence
of a clear showing to the contrary, we will presume the trial judge was a neutral and detached
officer. Fielding v. State, 719 S.W.2d 361, 366 ((Tex. App.—Dallas 1998, pet. ref'd); Thompson
v. State, 641 S.W.2d 920, 921 (Tex. Crim. App. 1982).
      Using this standard we conclude that Appellant has failed to rebut the presumption that the
trial court's actions were correct. There is no showing when the judge deferred adjudication that
he also determined that Appellant would receive a 30-year sentence in the event of adjudication. 
The judge admonished appellant as to the statutory range of punishment for the offenses, five to
ninety-nine years or life confinement. Nothing in the plea colloquy indicates an intent by the judge
to limit his consideration of the punishment range in the future.
      At the adjudication hearing the judge admonished Appellant regarding the punishment range,
five to ninety-nine years of life. The judge did not reference any prior threat or promise of
punishment. The judge did not assess the full range of punishment but assessed only thirty years.
      Appellant has not made a "clear showing" of predetermination by the court of punishment nor
has Appellant shown that the trial judge was not a neutral or detached official.
      Point one is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed August 7, 1996
Do not publish