

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00228-CR

_____

DAMARCUS RAY HANCOCK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 114th Judicial District Court
Smith County, Texas
Trial Court No. 114-1678-07

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Having been charged with the offense of sexual assault in Smith County, Texas, Damarcus Ray Hancock entered a plea of guilty and was placed on deferred adjudication community supervision by order entered February 13, 2008. *See* TEX. PENAL CODE ANN. § 22.011 (Vernon Supp. 2009). Following the filing of a motion to adjudicate citing multiple violations of the terms of community supervision, Hancock was adjudicated guilty and sentenced to fifteen years' imprisonment by order of final adjudication entered October 14, 2009. Hancock appeals the adjudication of his guilt, contending that he was denied due process because the trial court abused its discretion by refusing to consider the full range of punishment.[1]

The Constitutional mandate of due process requires a neutral and detached judicial officer who will consider the full range of punishment and mitigating evidence. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786–87 (1973). A trial court denies due process when it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider mitigating evidence and imposes a predetermined punishment. *Ex parte Brown*, 158 S.W.3d 449, 454 (Tex. Crim. App. 2005). In the absence of a clear showing to the contrary, we presume that the trial court was neutral and detached. *Fielding v. State*, 719 S.W.2d 361, 366 (Tex. App.—Dallas 1986, pet. ref'd) (citing *Thompson v. State*, 641 S.W.2d 920, 921 (Tex. Crim. App. 1982)).

---

[1] Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

Hancock contends the record shows that the court refused to consider the full range of punishment and thus violated his due process rights because "[u]pon hearing the state's recommendation, the trial court immediately agreed." Hancock asserts this shows an arbitrary refusal of the trial court to consider the entire range of punishment.

A court denies due process and due course of law if it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider the evidence and imposes a predetermined punishment. *Granados v. State*, 85 S.W.3d 217 (Tex. Crim. App. 2002); *Johnson v. State*, 982 S.W.2d 403, 405 (Tex. Crim. App. 1998). However, such a complaint is not preserved for error unless a timely objection is raised. *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd); *Washington v. State*, 71 S.W.3d 498, 499 (Tex. App.—Tyler 2002, no pet.); *Cole v. State*, 757 S.W.2d 864, 866 (Tex. App.—Texarkana 1988, pet. ref'd). No objection was made to the court's ruling; thus, the complaint was not preserved.

Even if we could properly reach this issue, the record does not show that the trial court did not consider the entire range of punishment. What the record does reflect is that the court listened to evidence that Hancock: (1) failed to register as a sex offender; (2) moved his residence, but failed to notify his community supervision officer prior to the move; (3) failed to report in person to his community supervision person within forty-eight hours after any arrest; (4) failed to pay community supervision fees for several months; (5) failed to pay court costs; (6) failed to pay restitution; (7) failed to pay a fee to the Smith County Community Supervision and Corrections

Department in the amount of $15.00 for the cost of the substance abuse questionnaire; (8) failed to pay a fee to that same department in the amount of $50.00 for the Crimestoppers program; (9) failed to pay a fee of $100.00 for preparation of the presentence investigation (PSI) report; (10) failed to write an "unequivocal letter of apology" to the victim on or before February 27, 2008; (11) failed to send reports to the Smith County Community Supervision and Corrections Office; (12) failed to report to his community supervision officer sixty-three times between June 2, 2008 and August 24, 2009; (13) failed to pay a supervision fee of $5.00 per month for several months for remittance to the state comptroller on conviction of a sex offense; and (14) failed to attend and participate fully in and successfully complete psychological counseling and treatment sessions for sex offenders. Hancock pled "true" to all the allegations contained in the motion to adjudicate. The court also considered the fact that Hancock admitted having a juvenile record based on his participation in a riot, and reviewed Hancock's PSI report.

After the trial court first heard the State's recommendation of fifteen years, defense counsel then presented his closing argument to the court. The court then heard the entirety of that closing argument, and the State's rebuttal, where the State again reiterated that it believed fifteen years was an appropriate sentence, before the court stated, "The Court now, based on the plea and the evidence, assesses punishment at 15 years confinement in the Institutional Division."

We conclude the record does not show that the trial court failed to consider the entire range of punishment. We overrule the contention of error.

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     July 19, 2010
Date Decided:       July 20, 2010

Do Not Publish

5