IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00177-CR

 

Ripley Leslie,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 52nd District
Court

Coryell County, Texas

Trial Court No. FO-06-18465

 



ORDER



 

Appellant’s brief was originally due on
or before August 12, 2010.  In a letter dated August 20, 2010, the Court
provided notice that, unless a brief or satisfactory response was received
within 14 days, the Court must abate the appeal and order the trial court to
immediately conduct a hearing pursuant to Rule of Appellate Procedure
38.8(b)(2, 3).  Neither Appellant’s brief nor a response has been filed.

The Court abates this cause to the trial
court with instructions to hold a hearing to determine: (1) why a brief has not
been filed on Appellant’s behalf; (2)
whether Appellant’s attorney
has abandoned the appeal; and (3) whether Appellant is receiving effective
assistance of counsel.  See Tex.
R. App. P. 38.8(b)(2, 3).

The trial court shall conduct the
hearing within twenty-one (21) days after the date of this order.  The trial
court clerk and court reporter shall file supplemental records within
thirty-five (35) days after the date of this order.

 

PER CURIAM

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Appeal
abated

Order
issued and filed September 15, 2010

Do
not publish








 






 'CG Times', serif">      In two points Doni contends (1) that his plea was not voluntary and violated his constitutional
right to due process and (2) the court erred in failing to grant the motion to withdraw his plea. 
In response, the State points out that we have nothing to review. Apparently, Doni's counsel at
the plea hearing did not request that the proceedings be transcribed. Further, although Doni's
affidavit setting forth the basis for the motion is attached to his motion for new trial, counsel
apparently never requested a hearing on the motion and it was overruled by operation of law. We
cannot consider the affidavit. See Stephenson v. State, 494 S.W.2d 900, 909-10 (Tex. Crim. App.
1973).
      In the absence of a showing to the contrary, we must presume that the trial court's actions
were correct. See Thompson v. State, 641 S.W.2d 920, 921 (Tex. Crim. App. [Panel Op.] 1982). 
Thus, we have no choice but to overrule his points of error. We affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed February 8, 1995
Do not publish