

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00079-CR

_____

GRAZIER OTHELLA MAY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 39741-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

In Gregg County, Texas, Grazier Othella May was indicted for possession[1] of a controlled substance with intent to deliver. May entered an open plea of guilty to possession with intent to deliver. After a hearing on punishment, the trial court sentenced May to twenty years' imprisonment in the institutional division of the Texas Department of Criminal Justice-Correctional Institutions Division. *See* TEX. PENAL CODE ANN. § 12.32 (West 2011).

On appeal, May argues that the trial court erred because: (1) it did not consider the full range of punishment; and (2) the sentence was disproportionate to the offense.

We affirm the judgment because: (1) May failed to preserve error regarding any alleged failure to consider the full range of punishment; and (2) there is no evidence in the record reflecting sentences imposed for similar offenses.

## I. May Failed to Preserve Error Regarding any Alleged Failure to Consider the Full Range of Punishment

The Constitutional mandate of due process requires a neutral and detached judicial officer who will consider the full range of punishment and mitigating evidence. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786–87 (1973). A trial court denies due process when it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider mitigating evidence and imposes a predetermined punishment. *Ex parte Brown*, 158 S.W.3d 449, 454 (Tex. Crim. App. 2005). In the absence of a clear showing to the contrary, we presume that the trial court was

---

[1]May was alleged to have possessed more than four grams but less than 200 grams of cocaine.

neutral and detached. *Fielding v. State*, 719 S.W.2d 361, 366 (Tex. App.—Dallas 1986, pet. ref'd) (citing *Thompson v. State*, 641 S.W.2d 920, 921 (Tex. Crim. App. [Panel Op.] 1982)).

In his first point of error, May argues that the trial court failed to consider the full range of punishment for this offense. Specifically, he claims that his right to due process was violated because of the trial court's "arbitrary refusal to consider granting probation in this case . . . ." Such a complaint is not preserved for review unless a timely objection is raised. *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd); *Washington v. State*, 71 S.W.3d 498, 499 (Tex. App.—Tyler 2002, no pet.); *Cole v. State*, 757 S.W.2d 864, 866 (Tex. App.—Texarkana 1988, pet. ref'd). Here, May neither objected to the trial court's ruling, nor raised this issue in his motion for new trial. Therefore, this error is not preserved for our review.

## II. There Is No Evidence in the Record Reflecting Sentences Imposed for Similar Offenses

In his second point of error, May contends that the trial court erred because the twenty-year sentence is disproportionate to the offense. May's motion for new trial contains a contention that the sentence was disproportionate to the offense. A motion for new trial is an appropriate way to preserve this type of claim for review.[2] *See Williamson v. State*, 175 S.W.3d 522, 523–24 (Tex. App.—Texarkana 2005, no pet.); *Delacruz v. State*, 167 S.W.3d 904 (Tex. App.—Texarkana 2005, no pet.).

---

[2]The trial court did not conduct a hearing on May's motion for new trial, which was overruled by operation of law. *See* TEX. R. APP. P. 21.8.

3

Texas courts have traditionally held that as long as the punishment assessed is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. *See, e.g.*, *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Here, May's sentence falls within the applicable range of not more than ninety-nine years or less than five years and a fine of up to $10,000.00. *See* TEX. PENAL CODE ANN. § 12.32.

That does not end the inquiry. A prohibition against grossly disproportionate punishment survives under the Eighth Amendment to the United States Constitution apart from any consideration of whether the punishment assessed is within the range established by the Legislature. U.S. CONST. amend. VIII; *see Solem v. Helm*, 463 U.S. 277, 290 (1983); *Harmelin v. Michigan*, 501 U.S. 957 (1991) (Scalia, J., plurality op.); *Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.); *Lackey v. State*, 881 S.W.2d 418, 420–21 (Tex. App.—Dallas 1994, pet. ref'd); *see also Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006) (describing this principle as involving a "very limited, 'exceedingly rare,' and somewhat amorphous" review).

*Solem* had suggested, as a three-part test, that an appellate court consider: (1) the gravity of the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *See Solem*, 463 U.S. at 292. *Harmelin* at least raised questions about the viability of the *Solem* three-part test. In fact, it was subsequently held that proportionality

4

survived *Harmelin*, but that the *Solem* three-part test did not. *See McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992); *Lackey*, 881 S.W.2d at 420–21. In light of *Harmelin*, the test has been reformulated as an initial threshold comparison of the gravity of the offense with the severity of the sentence; and then, only if that initial comparison created an inference that the sentence was grossly disproportionate to the offense should there be a consideration of the other two *Solem* factors—sentences for similar crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. *McGruder*, 954 F.2d at 316; *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.—Texarkana 2006, no pet.); *Lackey*, 881 S.W.2d at 420–21.

We do not believe the sentence was grossly disproportionate to the gravity of the offense, but even if it was, there is no evidence in the record from which we could compare May's sentence to the sentences imposed on other persons in Texas or on persons in other jurisdictions who committed a similar offense. *See Latham v. State*, 20 S.W.3d 63, 69 (Tex. App.—Texarkana 2000, pet. ref'd); *Davis v. State*, 905 S.W.2d 655, 664–65 (Tex. App.—Texarkana 1995, pet. ref'd). Without such evidence, the record before us does not support May's claim of demonstrable error. *Cf. Jackson*, 989 S.W.2d at 846 ("there is no evidence in the record reflecting sentences imposed for similar offenses on criminals in Texas or other jurisdictions by which to make a comparison").

5

There being no other issues before us, we affirm the trial court's judgment.

                                                    Jack Carter
                                                    Justice

Date Submitted:       November 14, 2011
Date Decided:         December 14, 2011

Do Not Publish

6