

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00205-CR

_____

WILLIAM LOUIS WALTON, Appellant

V.

STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 40741-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

William Louis Walton pled nolo contendere to the offense of deadly conduct with a firearm pursuant to a plea agreement. In accord with the plea agreement, Walton was sentenced to five years' imprisonment and was assessed a $500.00 fine; however, the sentence was suspended, and he was placed on community supervision for a period of five years. Less than a week later, the State moved to revoke Walton's community supervision on the grounds that he had smoked marihuana and had violated a special condition by operating a motor vehicle without a valid driver's license and insurance. After Walton pled true to the State's revocation allegations, the trial court revoked his community supervision and reinstated the original five-year prison sentence and fine. Walton's sole issue on appeal argues that the trial court erred in failing to consider the entire range of punishment. We affirm the trial court's judgment because Walton failed to preserve this issue for our review.

Due process requires a neutral and detached judicial officer to consider the full range of punishment and mitigating evidence. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786–87 (1973). A trial court denies due process when it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider mitigating evidence and, instead, imposes a predetermined punishment. *Ex parte Brown*, 158 S.W.3d 449, 454 (Tex. Crim. App. 2005) (per curiam). In the absence of a clear showing to the contrary, we presume that the trial court was neutral and detached. *Fielding v. State*, 719 S.W.2d 361, 366 (Tex. App.—Dallas 1986, pet. ref'd) (citing *Thompson v. State*, 641 S.W.2d 920, 921 (Tex. Crim. App. [Panel Op.] 1982)).

At the original plea hearing, the trial court warned Walton, "You get caught driving without a license or an invalid license, five years in prison. . . . I'm not going to cut you any slack on this. . . . A jury would send you to prison for 10 years." Although Walton told the court he understood this warning, he failed to heed it. At the revocation hearing, the trial court referred to its prior warning and stated,

> The reason I brought that to your attention is because of this criminal history which shows repeated failures and disregard for our -- for the laws by driving repeatedly without a driver's license. So I was making that clear to you. Yet, it took five days and you drive without a driver's license.
> You said you made a mistake and would like to make it right. Well, on August 16th, I made a mistake. I accepted that plea bargain. I can now make it right.
> I have considered the entire range of punishment. I've considered doing nothing. That's out of the question. I considered modifying you. But based on your past history on probations and the history on this probation, modification was out of the question.
> It then came down to how much time in the penitentiary. As I told you, I believe a jury would have given you 10 years, the max, if you had gone to a jury trial. I considered if a 2-, a 3-, or a 4-year sentence would be appropriate. Under all of the facts and circumstances of this case, it's not appropriate. A 5-year sentence is not appropriate, but that's all I can do.
> I hereby revoke your probation, and I assess punishment at 5 years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

Walton complains that this record shows the trial court "arbitrarily refused to consider the entire range of punishment, refused to consider mitigating evidence and imposed a predetermined punishment." Although the record suggests otherwise, we must overrule Walton's point of error for lack of preservation.

"As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion

3

. . . ." TEX. R. APP. P. 33.1(a)(1). A complaint that the trial court refused to consider the entire range of punishment "is not preserved for review unless a timely objection is raised." *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd). Walton did not suggest that the trial court failed to consider the entire range of punishment at the sentencing hearing. His generalized motion for new trial also failed to raise this issue.

Although Walton mentioned "the grossly disproportional punishment"[1] at the hearing on the motion for new trial,[2] his argument below did not comport with the issue raised on appeal. *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999). We have previously held that a motion for new trial discussing the possibility of a disproportionate sentence does not preserve the issue of whether the court failed to consider the entire range of punishment. *May v. State*, No. 06-11-00079-CR, 2011 WL 6187135, at **1–2 (Tex. App.—Texarkana Dec. 14, 2011, no pet.) (mem. op., not designated for publication); *Rodgers v. State*, No. 06-11-00052-CR, 2011

---

[1]The record from the motion for new trial hearing suggests Walton was arguing that the five-year sentence for deadly conduct was disproportionate based on a misunderstanding that "the driving of the motor vehicle is the -- is the offense and not so much the case that was already adjudicated and placed him on probation."

[2]The trial court explained its position at the hearing on the motion for new trial regarding the disproportionality argument by stating:

> On the date of the plea, this Court specifically instructed this defendant in open court that he was not to operate a motor vehicle without a valid driver's license. This Court admonished him, to make sure he was clear on that, asked him if he understood that. Yet, a few days later, operating a motor vehicle.
> Based on those two circumstances, along with the defendant having the criminal history that he has, including prior felony convictions, this Court found that the allegations were true. Therefore, the Court had to decide what is appropriate punishment.
> And this Court considered the entire range of punishment. I considered the possibility of modifying him. I also considered the possibility of giving him two, three, four or five years.
> Based on the totality of the circumstances, the facts in the instant case, his criminal history, that he violated his probation so quickly, this Court felt that the only sentence that was justified under the particular facts and circumstances of this case was five years in prison.
> That was the sentence of the Court. That is still the sentence of the Court. The Court overrules the Motion for New Trial.

4

WL 4975458, at *2 (Tex. App.—Texarkana Oct. 20, 2011, pet. ref'd) (mem. op., not designated for publication).[3]

We find that Walton failed to preserve his sole point of error for our review. We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:     June 19, 2013
Date Decided:       June 20, 2013

Do Not Publish

---

[3]Although these unpublished cases have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).