

NUMBER 13-15-00112-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**DAVID GRANDE,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

## On appeal from the 319th District Court
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion by Justice Benavides**

By two issues, appellant David Grande appeals his convictions for one count of assault, a second-degree felony that was enhanced to a first-degree felony under the habitual felony offender statute, *see* TEX. PENAL CODE ANN. §§ 22.01 (b-1) (West, Westlaw through 2015 R.S.) (Assault as a Second-Degree Felony); 12.42(b) (West, Westlaw

through 2015 R.S.), and a second count of assault, a third-degree felony that was enhanced to a second-degree felony under the habitual felony offender statute. *See id.* §§ 22.01(b) (Assault as a Third-Degree Felony); 12.42(a). Grande asserts that: (1) the trial court abused its discretion by failing to grant his motion for mistrial related to his objection that the State did not furnish complete discovery pursuant to Texas Code of Criminal Procedure article 39.14 (West, Westlaw through 2015 R.S.); and (2) he was denied a right to a fair trial before an impartial and unbiased judge. We affirm.

## I. BACKGROUND

A Nueces County grand jury indicted Grande for two counts of assault, one punishable as a second-degree felony that was enhanced to a first-degree felony; and the other punishable as a third-degree felony that was enhanced to a second-degree felony. *See id.* § 22.01; 12.42. Grande pleaded not guilty, and a bench trial was held.

The following evidence was presented at trial: shortly before midnight on August 23, 2014, Corpus Christi Police Officer Manuel Lewis was dispatched to a residence on 20th Street, where he made contact with Ida Garza. Officer Lewis described Garza as "crying" and "pretty distraught," and observed that her hair was a mess, as if she had been involved "in some sort of altercation." Garza told Officer Lewis that "her boyfriend had assaulted her" as she slept because she would not leave his residence. Officer Lewis further recalled that Garza said that Grande "had choked her airway," and Garza requested to be taken to the woman's shelter. The trial court admitted video footage taken from Officer Lewis' body camera depicting his interview with Garza.

Grande testified on his own behalf and denied assaulting Garza that evening. Garza also testified as a witness for the defense. At trial, Garza denied that Grande had

assaulted her that evening, as alleged by the police, and upon the advice of her court-appointed counsel, Garza invoked her right against self-incrimination, *see* U.S. CONST. amend. V, when asked about inconsistencies her statements to police and her testimony now at trial.

The trial court found Grande guilty as charged, including finding both penalty enhancements "true," and sentenced him to fifteen years in the Texas Department of Criminal Justice's Institutional Division, to run concurrently. This appeal followed, after Grande's timely motion for new trial was overruled by operation of law.

## II. MISTRIAL FOR FAILING TO FURNISH DISCOVERY

By his first issue, Grande contends that the trial court abused its discretion for failing to grant his motion for mistrial on the ground that the State failed to furnish complete discovery in this case.

### A. Standard of Review

The denial of a motion for mistrial is reviewed under an abuse of discretion standard. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). Thus, a trial court may properly exercise its discretion to declare a mistrial if an impartial verdict cannot be reached, or if a verdict of conviction could be reached but would have to be reversed on appeal due to an obvious procedural error. *Id.* Such a decision of whether a mistrial is warranted must be made by examining the particular facts of the case. *Id.*

3

**B.    Applicable Law**

Under United States Supreme Court precedent beginning with *Brady,*[1] the State

is required to disclose evidence known to it that is favorable or material to a defendant's

guilt or punishment, whether or not the defendant requests it.    *Fears v. State*, 479 S.W.3d

315, 327 (Tex. App.—Corpus Christi 2015, pet. ref'd) (citing *Strickler v. Greene*, 527 U.S.

263, 280 (1999)). This duty encompasses both impeachment as well as exculpatory

evidence.    *Id.*   The good or bad faith of the prosecution is irrelevant.    *Id.*   In order to

establish a *Brady* violation, a defendant must show that: (1) the State suppressed

evidence; (2) the suppressed evidence is favorable to the defendant; and (3) the

suppressed evidence is material. *Id. (citing Strickler*, 527 U.S. at 281–82).

Furthermore, article 39.14(h) of the code of criminal procedure provides that the

State

> shall disclose to the defendant any exculpatory, impeachment, or mitigating
> document, item, or information in the possession, custody, or control of the
> state that tends to negate the guilt of the defendant or would tend to reduce
> the punishment for the offense charged.

TEX. CODE CRIM. PROC. ANN. art. 39.14(h).

**C.    Discussion**

Garza testified at trial that police officers had taken photographs of her at the

woman's shelter, the day after she had called police to report Grande's assault against

her.    On this testimony, Grande moved for a mistrial, contending that these purported

photographs were not provided to him under *Brady* or under article 39.14.    In response,

the State's prosecutor argued that video was taken of Garza at the woman's shelter by

---

[1] *See Brady v. Maryland*, 373 U.S. 83, 87 (1963).

4

Officer Lewis, which was admitted into evidence as State's Exhibit 4; however, the State had no record of any photographs taken of Garza in its file.

Based on this record, we conclude that the trial court could have found Garza's testimony regarding the purported photographs taken of her as incredible, and held that the State did not commit a violation under *Brady* or article 39.14 when it overruled Grande's motion for a mistrial because such photographs did not exist or were not in the State's possession. Accordingly, because the trial court did not abuse its discretion, we overrule Grande's first issue.

### III. TRIAL COURT'S IMPARTIALITY

By his second and final issue, Grande asserts that he was not afforded a "fair trial before an impartial and unbiased judge."

### A. Applicable Law and Standard of Review

"Due process requires a neutral and detached hearing body or officer." *Brumit v. State,* 206 S.W.3d 639, 645 (Tex. Crim. App.2006) (citing *Gagnon v. Scarpeli,* 441 U.S. 778, 786 (1973)). This requirement also ensures that a party have a "fair trial in a fair tribunal . . . before a judge with no actual bias against the defendant or interest in the outcome of his particular case." *Bracy v. Gramley,* 520 U.S. 899, 904 (1997) (citing *Withrow v. Larkin,* 421 U.S. 35, 46 (1975)). Due process also does not permit a judge to assume the role of a prosecutor. *Avilez v. State,* 333 S.W.3d 661, 673 (Tex.App.— Houston [1st Dist.] 2010, pet. ref'd). However, not every complaint about a judge or the conduct of the trial implicates constitutional due process protections, *see id.,* and "most matters relating to a judicial disqualification [do] not rise to a constitutional level." *Caperton v. A.T. Massey Coal Co., Inc.,* 556 U.S. 868, 876 (2009). Absent a clear

5

showing of bias, a trial court's actions will be presumed to have been correct. *Brumit,* 206 S.W.3d at 645 (citing *Thompson v. State,* 641 S.W.2d 920, 921 (Tex.Crim.App.1982)).

## B.    Discussion

As a preliminary matter, the State argues that Grande failed to preserve error on this issue, *see* Tᴇx. R. Aᴘᴘ. P. 33.1, for failing to complain about any bias that would disqualify the trial court.   However, assuming without deciding that such error was preserved, we nevertheless conclude that Grande fails to clearly show that the trial court was biased.

The basis for Grande's argument focuses on an issue involving Garza's testimony at trial in which she contradicted what she had told police during their investigation on August 23, 2014.   Prior to allowing Garza to testify further and on the State's request, the trial court paused the proceedings and appointed Garza her own trial counsel in order to advise her about the ramifications of changing her testimony from what she had told the police during their investigation.   In making the appointment, the trial court briefed Garza's newly-appointed counsel by stating the following:

> Ms. Garza is a victim, the alleged victim in a family assault violence case, and she started to testify and the State is concerned that she may say things that may be inconsistent with prior statements. She needs to be cautioned about her testimony, there may be a possibility of perjury or aggravated perjury charges if the State proves that is what she did.

After meeting with her appointed counsel, Garza continued to testify and asserted her right against self-incrimination in response to several of Grande's counsel's questions. Grande's counsel then requested that the trial court require Garza to give a reason for her invocation of rights under the Fifth Amendment.   The following exchange then took place:

6

THE COURT: Well, I believe it is clear Ms. Canales, if the State feels that she is not testifying truthfully that the State will probably or may go against her on a charge of perjury or aggravated perjury. Is that the State's view?

[Prosecutor]: Your Honor, I can't speak for what may happen. I mean, that is a possibility. I can't say that this witness has the right not to incriminate herself on the stand, that is why I brought it up to the Court, that she may need an attorney for this purpose because I felt that that might be the case, in this case. So I cannot speak to what our office may do in the future, but I was concerned about it for this witness and it's a possibility it could happen.

THE COURT: Okay.

[Defense Counsel]: Your Honor, it appears that the Court is taking a position that her testimony is going to be perjury as opposed to that her testimony is going to be that she lied in a prior statement to the police. It seems that at some point that we have an issue because I don't know what Ms. Pratt discussed with her. I don't know if it's a perjury issue and I certainly don't know if she is going to say I lied to the police the time this incident happened. She was saying she was drunk and, you know, from the testimony we have from my client, that is the only side of the story we have. And I just don't think it's fair to my client and his right to confront the witness when she is here, Your Honor, and at this point we don't know what the reason for her not responding is.

THE COURT: Well, I will make the observation, first of all that, my view simply was that in a [worst] case scenario that's what the State could do. I certainly don't know what the State is going to do after this witness testifies, if she testifies. She has some protection under the law and of course your client has a right to have the evidence— the available evidence properly at his trial. What I am going to ask you to do is to ask her questions about what you want to have me know about the facts and circumstances of the case. If she answers; she answers. If she refuses to answer based on a claim of Constitution protection then we could take it from there.

So continue with your examination.

We disagree with Grande's argument that this exchange and comments by the trial court indicated that the trial court "formed a decision on guilt or innocence prior to hearing all the evidence." When Grande's counsel argued that the trial court's comments amounted to the trial court "taking a position that her testimony is going to be perjury," the trial court clarified by stating that its view was "a worse case [sic] scenario" of how the State would handle any possible perjury allegations arising out of Garza's testimony, not that it had reached such a conclusion about Garza's testimony. Furthermore, these comments do not amount to the trial court assuming the role of prosecutor, which is prohibited. *See Avilez*, 333 S.W.3d at 673. Therefore, this record does not clearly show a bias on the part of the trial court. We overrule Grande's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
14th day of July, 2016.