

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00178-CR

_____


MELVIN THOMAS WALTON, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 27295-B


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Indicted approximately eight years ago for forgery regarding a check written in the amount of $28.15, and having had his bond forfeited three different times for failure to appear in court over those intervening years, Melvin Thomas Walton faces two years' confinement in a state-jail facility and a fine of $10,000.00.

He now complains that he was denied due process because the trial court refused to consider the full range of punishment.

The Constitutional mandate of due process requires a neutral and detached judicial officer who will consider the full range of punishment and mitigating evidence. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786–87 (1973). A trial court denies due process when it arbitrarily refuses to consider the entire range of punishment for an offense or refuses to consider mitigating evidence and imposes a predetermined punishment. *McClenan v. State*, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983), *overruled on other grounds by DeLeon v. Aguilar*, 127 S.W.3d 1 (Tex. Crim. App. 2004). This occurs when a trial court actually assesses punishment at revocation consistent with the punishment it has previously announced it would assess on revocation. *Sanchez v. State*, 989 S.W.2d 409, 411 (Tex. App.—San Antonio 1999, no pet.). In the absence of a clear showing to the contrary, we presume that the trial court was neutral and detached. *Fielding v. State*, 719 S.W.2d 361, 366 (Tex. App.—Dallas 1986, pet. ref'd) (citing *Thompson v. State*, 641 S.W.2d 920, 921 (Tex. Crim. App. 1982)).

Walton contends his due-process rights were violated because the trial court did not consider the facts and circumstances surrounding the offense and because the trial court demonstrated a commitment to a predetermined outcome when Walton failed to appear in court as ordered.

Even though Walton did not object in the trial court, we need not decide whether an objection below was required to preserve error because the record does not show that the trial court imposed a "predetermined" punishment. *See Brumit v. State*, 206 S.W.3d 639 (Tex. Crim. App. 2006).

The time line of this case is set out below:

| | |
|---|---|
| 9/3/98 | Date of offense (forgery in the amount of $28.15) |
| 12/1/99 | Bond |
| 2/10/00 | Indictment |
| 3/10/00 | Failed to appear; bond forfeited |
| 12/6/02 | Failed to appear; bond forfeited |
| 8/8/07 | Arrested on 12/6/02 bond forfeiture; bond forfeiture set aside |
| 9/6/07 | Entered open plea of guilty |
| 9/27/07 | Failed to show for sentencing hearing; bond forfeited; sentenced *in absentia* |
| 10/29/07 | Arrested on 9/27 forfeiture; sentence imposed |

The trial court heard Walton's guilty plea September 6, 2007. Walton testified that he had been on drugs, but had been "clean" for seven years. He also testified that he had committed other offenses around 2000 or 2001 when he was still on drugs and that there was a case pending in Smith County. Walton requested that the court place him on community supervision, stating that he had "straightened [his] life out" and that he was employed as a car salesman. The trial court asked Walton, "What's different today than back when you had those other probations?" Walton responded, "Your Honor, I'm older and I'm wiser, and I'm not on drugs at all." The court then

3

expressed concern that it did not have enough information regarding the charge in Smith County and recessed the hearing until September 27 in order to obtain complete information before pronouncing sentence.

When the case was called September 27, Walton failed to appear and his bond was forfeited. On that date, the trial court sentenced Walton to two years' confinement and a fine of $10,000.00. Walton was later taken into custody, and that sentence was formally imposed in Walton's presence October 29, 2007. It is the October 29 judgment from which Walton appeals.

The trial court heard evidence, discussed community supervision, recessed the trial and reset the final portion of the sentencing hearing until the court had all the information it needed to sentence Walton. We conclude that the record does not show that the court predetermined Walton's sentence in this case. Therefore, Walton's due-process rights were not violated, and we overrule this point of error.

Walton next contends the sentence was disproportionate to the offense. Walton's motion for new trial contains a contention that the sentence was disproportionate to the offense. A motion for new trial is an appropriate way to preserve this type of claim for review.[1] *See Williamson v. State*, 175 S.W.3d 522, 523–24 (Tex. App.—Texarkana 2005, no pet.); *Delacruz v. State*, 167 S.W.3d 904 (Tex. App.—Texarkana 2005, no pet.).

---

[1]The trial court did not conduct a hearing on Walton's motion for new trial, which was overruled by operation of law.

Texas courts have traditionally held that, as long as the punishment assessed is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. *See*, *e.g.*, *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Here, Walton's sentence falls within the applicable range of 180 days to two years' confinement and a fine not to exceed $10,000.00. *See* TEX. PENAL CODE ANN. § 12.35 (Vernon Supp. 2007).

That does not end the inquiry. A prohibition against grossly disproportionate punishment survives under the Eighth Amendment to the United States Constitution apart from any consideration of whether the punishment assessed is within the range established by the Legislature. U.S. CONST. amend. VIII; *see Solem v. Helm*, 463 U.S. 277, 290 (1983); *Harmelin v. Michigan*, 501 U.S. 957 (1991) (Scalia, J., plurality op.); *Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.); *Lackey v. State*, 881 S.W.2d 418, 420–21 (Tex. App.—Dallas 1994, pet. ref'd); *see also Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (describing this principle as involving a "very limited, 'exceedingly rare,' and somewhat amorphous" review).

*Solem* had suggested, as a three-part test, that an appellate court consider: (1) the gravity of the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *See Solem*, 463 U.S. at 292. *Harmelin* at least raised questions about the viability of the *Solem* three-part test. In fact, it was subsequently held that proportionality survived *Harmelin*, but that the *Solem* three-part test did not. *See McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.

5

1992); *Lackey*, 881 S.W.2d at 420–21. In light of *Harmelin*, the test has been reformulated as an initial threshold comparison of the gravity of the offense with the severity of the sentence; and then, only if that initial comparison created an inference that the sentence was grossly disproportionate to the offense should there be a consideration of the other two *Solem* factors—sentences for similar crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. *McGruder*, 954 F.2d at 316; *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.—Texarkana 2006, no pet.); *Lackey*, 881 S.W.2d at 420–21.

Assuming, without deciding, that Walton's sentence is grossly disproportionate to the crime he committed, there is no evidence in the record from which we could compare his sentence to the sentences imposed on other persons in Texas or on persons in other jurisdictions who committed a similar offense. *See Latham v. State*, 20 S.W.3d 63, 69 (Tex. App.—Texarkana 2000, pet. ref'd); *Davis v. State*, 905 S.W.2d 655, 664–65 (Tex. App.—Texarkana 1995, pet. ref'd). Without such evidence, the record before us does not support Walton's claim of demonstrable error. *Cf. Jackson*, 989 S.W.2d at 846 ("there is no evidence in the record reflecting sentences imposed for similar offenses on criminals in Texas or other jurisdictions by which to make a comparison").

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     April 29, 2008
Date Decided:      May 14, 2008

Do Not Publish