In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00079-CR

                                                ______________________________

 

 

                                 GRAZIER OTHELLA MAY,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 124th
Judicial District Court

                                                             Gregg County, Texas

                                                          Trial Court
No. 39741-B

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            In Gregg
County, Texas, Grazier Othella May was indicted for possession[1]
of a controlled substance with intent to deliver.  May entered an open plea of guilty to
possession with intent to deliver.  After
a hearing on punishment, the trial court sentenced May to twenty years’ imprisonment
in the institutional division of the Texas Department of Criminal Justice-Correctional
Institutions Division.  See Tex.
Penal Code Ann. § 12.32 (West 2011).

            On appeal,
May argues that the trial court erred because:  (1) it did not consider the full range of
punishment; and (2) the sentence was disproportionate to the offense.

            We affirm
the judgment because:  (1) May failed to
preserve error regarding any alleged failure to consider the full range of
punishment; and (2) there is no evidence in the record reflecting sentences
imposed for similar offenses.

I.          May Failed to Preserve Error Regarding
any Alleged Failure to Consider the Full     Range
of Punishment

 

            The
Constitutional mandate of due process requires a neutral and detached judicial
officer who will consider the full range of punishment and mitigating evidence.
 See
Gagnon v. Scarpelli, 411 U.S. 778, 786–87 (1973).  A trial court denies due process when it
arbitrarily refuses to consider the entire range of punishment for an offense
or refuses to consider mitigating evidence and imposes a predetermined
punishment.  Ex parte Brown, 158 S.W.3d 449, 454 (Tex. Crim. App. 2005).  In the absence of a clear showing to the
contrary, we presume that the trial court was neutral and detached.  Fielding
v. State, 719 S.W.2d 361, 366 (Tex. App.—Dallas 1986, pet. ref’d) (citing Thompson v. State, 641 S.W.2d 920, 921
(Tex. Crim. App. [Panel Op.] 1982)).

            In his first
point of error, May argues that the trial court failed to consider the full
range of punishment for this offense. 
Specifically, he claims that his right to due process was violated
because of the trial court’s “arbitrary refusal to consider granting probation
in this case . . . .”  Such a complaint
is not preserved for review unless a timely objection is raised.  Teixeira
v. State, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref’d); Washington v. State, 71 S.W.3d 498, 499
(Tex. App.—Tyler 2002, no pet.); Cole v.
State, 757 S.W.2d 864, 866 (Tex. App.—Texarkana 1988, pet. ref’d).  Here, May neither objected to the trial court’s
ruling, nor raised this issue in his motion for new trial.  Therefore, this error is not preserved for
our review.

II.        There
Is No Evidence in the Record Reflecting Sentences Imposed for Similar            Offenses 

 

            In his
second point of error, May contends that the trial court erred because the
twenty-year sentence is disproportionate to the offense.  May’s motion for new trial contains a
contention that the sentence was disproportionate to the offense.  A motion for new trial is an appropriate way
to preserve this type of claim for review.[2]  See
Williamson v. State, 175 S.W.3d 522, 523–24 (Tex. App.—Texarkana 2005, no
pet.); Delacruz v. State, 167 S.W.3d
904 (Tex. App.—Texarkana 2005, no pet.).

            Texas
courts have traditionally held that as long as the punishment assessed is
within the range prescribed by the Legislature in a valid statute, the
punishment is not excessive, cruel, or unusual. 
See, e.g., Jordan v. State, 495 S.W.2d 949, 952
(Tex. Crim. App. 1973).  Here, May’s
sentence falls within the applicable range of not more than ninety-nine years
or less than five years and a fine of up to $10,000.00.  See
Tex. Penal Code Ann. § 12.32.

            That does
not end the inquiry.  A prohibition
against grossly disproportionate punishment survives under the Eighth Amendment
to the United States Constitution apart from any consideration of whether the
punishment assessed is within the range established by the Legislature.  U.S.
Const. amend. VIII; see Solem v.
Helm, 463 U.S. 277, 290 (1983); Harmelin
v. Michigan, 501 U.S. 957 (1991) (Scalia, J., plurality op.); Jackson v. State, 989 S.W.2d 842, 846
(Tex. App.—Texarkana 1999, no pet.); Lackey
v. State, 881 S.W.2d 418, 420–21 (Tex. App.—Dallas 1994, pet. ref’d); see also Ex parte Chavez, 213 S.W.3d
320, 323–24 (Tex. Crim. App. 2006) (describing this principle as involving a “very
limited, ‘exceedingly rare,’ and somewhat amorphous” review).

            Solem had suggested, as a three-part
test, that an appellate court consider: 
(1) the gravity of the offense compared with the harshness of the
penalty; (2) the sentences imposed for similar crimes in the same jurisdiction;
and (3) the sentences imposed for commission of the same crime in other
jurisdictions.  See Solem, 463 U.S. at 292.  Harmelin at least raised questions about
the viability of the Solem three-part
test.  In fact, it was subsequently held
that proportionality survived Harmelin,
but that the Solem three-part test
did not.  See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992); Lackey, 881 S.W.2d at 420–21.  In light of Harmelin, the test has been reformulated as an initial threshold
comparison of the gravity of the offense with the severity of the sentence; and
then, only if that initial comparison created an inference that the sentence
was grossly disproportionate to the offense should there be a consideration of
the other two Solem factors—sentences
for similar crimes in the same jurisdiction and sentences for the same crime in
other jurisdictions.  McGruder, 954 F.2d at 316; Mullins v. State, 208 S.W.3d 469, 470
(Tex. App.—Texarkana 2006, no pet.); Lackey,
881 S.W.2d at 420–21.

            We do not
believe the sentence was grossly disproportionate to the gravity of the
offense, but even if it was, there is no evidence in the record from which we
could compare May’s sentence to the sentences imposed on other persons in Texas
or on persons in other jurisdictions who committed a similar offense.  See
Latham v. State, 20 S.W.3d 63, 69 (Tex. App.—Texarkana 2000, pet. ref’d); Davis v. State, 905 S.W.2d 655, 664–65
(Tex. App.—Texarkana 1995, pet. ref’d). 
Without such evidence, the record before us does not support May’s claim
of demonstrable error.  Cf. Jackson, 989 S.W.2d at 846 (“there
is no evidence in the record reflecting sentences imposed for similar offenses
on criminals in Texas or other jurisdictions by which to make a comparison”).

            There
being no other issues before us, we affirm the trial court’s judgment.

 

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          November
14, 2011

Date Decided:             December
14, 2011

 

Do Not Publish











[1]May
was alleged to have possessed more than four grams but less than 200 grams of
cocaine.





[2]The
trial court did not conduct a hearing on May’s motion for new trial, which was
overruled by operation of law.  See Tex.
R. App. P. 21.8.