PD-1092-15

PD-1092-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/20/2015 3:59:20 PM
Accepted 8/25/2015 4:00:54 PM
ABEL ACOSTA
CLERK

**CAUSE NO: _____**

IN THE TEXAS COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

**JENNIFER NICOLE PENA**
*Appellant*

*v.*

**THE STATE OF TEXAS**
*Appellee*

*Appeal from the 156th Judicial District Court
of Live Oak County, Texas
Trial Court Cause L-12-0036-CR-B*

THIRTEENTH COURT OF APPEALS NUMBER
13-13-00291-CR

**PETITION FOR DISCRETIONARY REVIEW
APPELLANT**

**ORAL ARGUMENT REQUESTED**

Julie M. Balovich
Assistant Public Defender
State Bar No. 24036182
TEXAS RIOGRANDE LEGAL AID, INC.
Regional Public Defender
331A N. Washington Street
Beeville, Texas 78102
(361) 358-1926
(361) 358-5158 (fax)
jbalovich@trla.org

FILED IN
COURT OF CRIMINAL APPEALS

August 25, 2015

ABEL ACOSTA, CLERK

ATTORNEYS FOR APPELLANT
JENNIFER PENA

# IDENTITY OF JUDGE, PARTIES AND COUNSEL

**TRIAL COURT JUDGE**
Hon. Starr Bauer

**APPELLANT**
Jennifer Nicole Pena

**APPELLEE**
The State of Texas

**DEFENSE COUNSEL AT TRIAL**
Michelle Ochoa
TEXAS RIOGRANDE LEGAL AID, INC.
BEE COUNTY REGIONAL PUBLIC DEFENDER
331A North Washington
Beeville, Texas 78102

**STATE'S ATTORNEY AT TRIAL**
James Sales, Assistant District Attorney
111 S. St. Mary's St., Suite 203
Beeville TX 78102

**APPELLANT'S ATTORNEY ON APPEAL**
Julie Balovich
TEXAS RIOGRANDE LEGAL AID, INC.
BEE COUNTY REGIONAL PUBLIC DEFENDER
331A North Washington
Beeville, Texas 78102

**STATE'S ATTORNEY ON APPEAL**
Edward F. Shaughnessy, III
206 E. Locust
San Antonio, Texas 78212

**TABLE OF CONTENTS**

*Page*

IDENTITY OF JUDGES, PARTIES AND COUNSEL ................................. ii

TABLE OF CONTENTS................................................................. iii

INDEX OF AUTHORITIES............................................................ iv

STATEMENT REGARDING ORAL ARGUMENT ...................................... 1

STATEMENT OF THE CASE............................................................ 1

STATEMENT OF PROCEDURAL HISTORY.............................................. 2

SOLE GROUND FOR REVIEW…………………………………….................. 2

**Do the Texas statutes that impose mandatory court costs on conviction require these costs to be multiplied by the number of charges that are prosecuted within a single court case when there is no duplication of actual court costs or services [CR 282]?**

REASONS FOR REVIEW…………………………………………........................ 2

STATEMENT OF FACTS…………………………………….......................... 3

ARGUMENT ............................................................................. 5

**The Thirteenth Court of Appeals erred in holding that the statutes that impose mandatory court costs on conviction require those costs to be assessed for each conviction that is obtained within a single cause when there is no actual duplication of court costs or services.**

PRAYER ................................................................................. 16

CERTIFICATE OF SERVICE ...................................................... 17

CERTIFICATE OF COMPLIANCE................................................. 17

INDEX OF APPENDIX ............................................................. 18

# INDEX OF AUTHORITIES

**FEDERAL CASES**

*King v. Burwell*, 135 S.Ct. 2480 (2015)…………………………………….. 8

**TEXAS COURT OF CRIMINAL APPEALS CASES**

*Brown  v. State*, 98 S.W.3d 180 (Tex. Crim. App. 2003)………………….......... 8

*Garcia v. State*, 387 S.W.3d 20 (Tex. Crim. App. 2012)………………….... 8, 9

*Hernandez v. State*, 127 S.W.3d 768 (Tex. Crim. App. 2004)………….…… 7, 8, 9

*Lane v. State*, 933 S.W.2d 504 (Tex. Crim. App. 1996)…………………......... 8

*Lanford v. Fourteenth Court of Appeals*, 847 S.W.2d 581
    (Tex. Crim. App.1993)………………………………………………… 8

*Salinas v. State*, No. PD-0419-14, 2014 WL 3988955 (Tex. Crim. App.  2015)..14

*State. Crook*, 248 S.W.3d 172  (Tex. Crim. App. 2008)………………… ... 10, 11

*State v. Neesley*, 239 S.W.3d 780 (Tex. Crim. App. 2007)…………………... 9, 10

*Weir v. State*, 278 S.W.3d 364 (Tex. Crim. App. 2009)…………………….. .. 9, 10

*Whitelaw v. State*, 29 S.W.3d 129 (Tex. Crim. App. 2000)……………………… 7

**TEXAS SUPREME COURT CASES**

*Jones v. Fowler*, 969 S.W.2d 429 (Tex. 1998)………………………………. …. 8

**TEXAS COURT OF APPEALS CASES**

*Drisker v. State*, No. 03-13-00356-CR, 03-13-00357-CR; 2014 WL 4063339
    (Tex. App.—Austin, Aug. 14, 2014, no pet.h)…………………………… 9

*Pena v. State*, No. 13-14-00291-CR, 2015 WL 3634463

(Tex. App.—Corpus Christi-Edinburg, June 11, 2015, pet. filed)
(mem. op)……………………………………………………………… 2, 7

**TEXAS CODES**

TEX. CODE CRIM. PROC. art. 42.12, § 24……………………………………... 8

TEX. CODE CRIM. PROC. art. 102.0045(a)………………………………….. 6

TEX. CODE CRIM. PROC. art. 102.005(a)………………………….. ... 10, 11, 14, 15

TEX. CODE CRIM. PROC. art. 102.008(a)……………………………….. 12

TEX. CODE CRIM. PROC. art. 102.011…………………………..… 12, 16

TEX. CODE CRIM. PROC. art. 102.017…………………………………… 15

TEX. CODE CRIM. PROC. art. 102.0169………………………………….. 15

TEX. CODE CRIM. PROC. art. 102.0178……………………………….... 4, 16

TEX. GOV'T CODE § 51.851………………………………….................. 15

TEX. GOV'T CODE § 102.021…………………………….............. 6 , 7, 13, 16

TEX. GOV'T CODE § 102.0212…………………………………………… 6, 13, 14

TEX. GOV'T CODE § 102.041………………………………….. … 6, 14, 15

TEX. GOV'T CODE § 102.0415 ……………………………………… 6, 15

TEX. GOV'T CODE § 311.023…………………………………………….. 8

TEX. HEALTH & SAFETY CODE § 481.102(3)(D)………………………… 1

TEX. HEALTH & SAFETY CODE § 481.115(b)………………………….. 1

TEX. LOCAL GOV'T CODE § 133.102…………………………………… 13

TEX. LOCAL GOV'T CODE § 133.103…………………………………… 14

Tᴇx. Lᴏᴄᴀʟ Gᴏᴠ'ᴛ Cᴏᴅᴇ § 133.105………………………………………….. 13

Tᴇx. Lᴏᴄᴀʟ Gᴏᴠ'ᴛ Cᴏᴅᴇ § 133.107…………………………………….. 14

Tᴇx. Pᴇɴ. Cᴏᴅᴇ § 37.09(a)(1), (c)……………………………………… 1

**Tᴇxᴀs Rᴜʟᴇs**

Tᴇx. R. Aᴘᴘ. P. 66.3(c)…………………………………………………… 3

Tᴇx. R. Aᴘᴘ. P. 66.3(d)…………………………………………………. 2

Tᴇx. R. Aᴘᴘ. P. 68.2(a)………………………………………………... 2

**Sᴇᴄᴏɴᴅᴀʀʏ Sᴏᴜʀᴄᴇs**

Oғғɪᴄᴇ ᴏғ Cᴏᴜʀᴛ Aᴅᴍɪɴɪsᴛʀᴀᴛɪᴏɴ, *A Study of the Necessity of
Certain Court Costs and Fees in Texas, as directed by Senate Bill
1908, 83ʳᵈ Legislature (September 1, 2014,* published online at
http:/www.txcourts.gov/media/495634/SB1908-Report-FINAL.pdf)..    5-6

Practice Commentary to Section 3.03……………………………………… 10

**TO THE COURT OF CRIMINAL APPEALS OF TEXAS:**

Appellant Jennifer Nicole Pena files this petition for discretionary review.

**STATEMENT REGARDING ORAL ARGUMENT**

Appellant requests oral argument. Argument would aid this court in its decision-making because the issue is one of statutory construction, the text of the statutes governing court costs is ambiguous on its face, and the statutes are applied differently throughout the state without this Court's guidance.

**STATEMENT OF THE CASE**

In one cause number, the State indicted Appellant on two charges: (1) possession of controlled substance less than one gram, a state jail felony, and (2) tampering with physical evidence, a third degree felony. CR 6; *see* TEX. HEALTH & SAFETY CODE §§ 481.102(3)(D), 481.115(b); TEX. PEN. CODE § 37.09(a)(1), (c). Appellant pled guilty/nolo contendere to both counts and her adjudication was deferred for a period of five years during which time she was placed on community supervision. CR 125-26, 137. The State moved to revoke Appellant's community supervision. CR 157. Following a hearing, the trial court revoked her community supervision and sentenced her to two years in state jail for each charge to run concurrently and court costs. RR 17.

1

## STATEMENT OF PROCEDURAL HISTORY

On June 11, 2015, the Thirteenth Court of Appeals issued an unpublished memorandum opinion that affirmed the judgment of the trial court as modified. *See Pena v. State*, No. 13-14-00291-CR, 2015 WL 3634463 (Tex. App.—Corpus Christi-Edinburg, June 11, 2015, pet. filed) (mem. op.). Appdx 1. Appellant moved for rehearing and for reconsideration *en banc*, both of which were denied on July 24, 2015. Appdx 2, 3. Appellant's petition for discretionary review is timely filed. TEX. R. APP. P. 68.2(a).

## SOLE GROUND FOR REVIEW

**Do the Texas statutes that impose mandatory court costs on conviction require these costs to be multiplied by the number of charges that are prosecuted within a single court case when there is no duplication of actual court costs or services?**

## REASONS FOR REVIEW

The petition for discretionary review should be granted because the court of appeals has misconstrued a statute, TEX. R. APP. P. 66.3(d), and has decided an important question of state law in a way that conflicts with an applicable decisions

of this Court regarding the construction of statutes and the purpose of the statutes that impose court costs, *id*. 66.3(c)

**STATEMENT OF FACTS**

The relevant facts are simple and undisputed.

Based on facts that arose during a single incident, the State charged Appellant Jennifer Pena by a single indictment under a single cause number with a state jail felony (possession) and a third-degree felony (tampering with physical evidence).  CR 6.

In a single proceeding, Appellant entered a plea bargain for both counts. CR 125.  The Court signed one order of deferred adjudication for both charges. CR 137.

The conditions of community supervision for each offense were listed in two different documents attached to the order, but were identical except that there was no assessment of restitution, fine, court costs, community service, or statutory supervision fees for one of the causes (tampering). CR 126, 130, 133-34.

The State filed two identical motions to revoke that each referenced the violation of payment obligations that were the terms of community supervision for only one of the offenses.  CR 226-42.  Appellant was only arrested one time on the

3

capiases issued for the motion to revoke. CR 259-60, 267-68. Appellant was determined to be indigent and appointed a public defender. CR 246.

One revocation hearing took place. RR 1.  Appellant entered a plea of true for nine alleged violations in "the" motion to revoke. RR 4-6.  A single exhibit was offered: her stipulation of identity. RR 6-7; State's Exh. 1.  Based upon that plea, the Court found Appellant guilty of both counts, revoked her community supervision and entered two sentences for jail time to run concurrent. RR 13, 17. Two judgments were entered, one that assessed court costs in the amount of $359 and one that assessed court costs in the amount of $277. CR 272, 277.  The bill of costs, issued May 5, 2014 reflects that each itemized court cost was assessed twice except for the drug court cost which was assessed once for the possession charge, pursuant to TEX. CODE CRIM. PROC. art. 102.0178:

| | |
|---|---|
| Criminal Court Cost | $ 266.00 |
| Judicial Support Fee/Criminal 9-13 | $ 12.00 |
| Juror Reimbursement Fee | $ 8.00 |
| Time Pay | $ 50.00 |
| Drug Court Cost | $ 60.00 |
| Dist. Clk Fine/Crim. Clerks Fee | $ 80.00 |
| Criminal Records Management | $ 50.00 |
| District Court Technology Fund | $ 8.00 |
| Criminal Courthouse Security | $ 10.00 |
| Criminal e-filing fund | $ 10.00 |
| Motion to revoke | $ 100.00 |

CR 283. The court also signed two orders to withdraw funds, one for each judgment, authorizing TDCJ to withdraw funds from Appellant's inmate trust account up to a certain percentage of each balance. CR 284, 289.

Appellant asked the Thirteenth Court of Appeals to reform the judgment as to court costs, arguing that the assessment of duplicate court costs in the single case was erroneous where there was no duplication of court or law enforcement services. Appellant asserted that the statutes that assess court costs are ambiguous or silent as to whether costs may be assessed on a per conviction basis when all convictions were obtained as part of a single prosecution under a single court case, but that the legislative history and the statutory scheme as a whole indicates that costs should only be assessed per court case unless actually incurred. The court of appeals disagreed with Appellant's argument that the statutes are ambiguous and declined to rehear the matter or reconsider *en banc*.

## ARGUMENT

**The Thirteenth Court of Appeals erred in holding that the statutes that impose mandatory court costs on conviction require these costs to be assessed for each conviction that is obtained within a single cause number when there is no actual duplication of court costs or services.**

"The court fee and cost system that has been established in Texas over the past two centuries is quite complex." OFFICE OF COURT ADMINISTRATION, *A Study of the Necessity of Certain Court Costs and Fees in Texas, as directed by Senate*

5

*Bill 1908, 83rd* Legislature at 1 ( September 1, 2014, published online at

http://www.txcourts.gov/media/495634/SB1908-Report-FINAL.pdf).

Even so, this case presents a straightforward question of statutory

interpretation as to one phrase: "convicted of an offense." This phrase appears in

many court-cost statutes, for example:

> A person convicted of an offense shall pay the following under the
> Code of Criminal Procedure, in addition to all other costs: (1) court
> cost on conviction of any offense, other than a conviction of an
> offense relating to a pedestrian or the parking of a motor vehicle
> {Art. 102.0045, Code of Criminal procedure) . . . $4; . . .

TEX. GOV'T CODE § 102.021(1). While the Government Code authorizes

imposition of cost, a separate statute states the *purpose* of each authorized cost.

*See* TEX. CODE CRIM. P. art 102.0045(a) (the purpose of the cost authorized by

Gov't Code § 102.021(1) is to reimburse the counties for the cost of juror

services).

The phrase "convicted of an offense" appears in many other court-cost

statutes. *See* TEX. GOV'T CODE §102.0212 (court costs on conviction per Local

Government Code); § 102.041 (court costs on conviction in district court); §

102.0415 (additional court costs on conviction in district court).[1]

---

[1] With the exception of the motion to revoke fee and the time to pay fee, none of the challenged
court costs at issue in this case are related to a performance-related cost actually incurred in the
case.

On its face, the statutory text "convicted of an offense" says nothing about whether costs may be imposed multiple times. Despite the fact that the statute nowhere references a situation where multiple convictions are obtained as part of one prosecution, the court of appeals interpreted the "plain language" of this text to mean that multiples of court costs must be imposed for each conviction of an offense even when there has been a single adjudication in a single cause without a showing that services or costs were multiplied. This Court should grant review to resolve the important question of whether the court of appeals' interpretation of the statute is correct which would result in court costs to be assessed as a penalty and not as an actual recoupment of costs.

The court's error below occurred when it decided that article 102.021 was not ambiguous, and therefore, declined to consider the legislative purpose of the court-cost statutes and the consolidation statute which authorized the State to bring these offenses to trial in one cause. 2015 WL 3634463, at *4 & n.7. The cardinal rule of statutory construction is to interpret a statute in accord with its plain meaning. *Whitelaw v. State*, 29 S.W.3d 129, 131 (Tex. Crim. App. 2000). When a statute is silent as to how or whether it applies in a specific circumstance, it is reasonably subject to more than one meaning and is, therefore, ambiguous. *See Hernandez v. State*, 127 S.W.3d 768, 771-772 (Tex. Crim. App. 2004) (finding the

term "an indictment" ambiguous in the tolling statute because the Legislature provided no guidance as to how prior and subsequent indictments affect tolling) Even if the plain language of a statute appears to be unambiguous on its face, its meaning or ambiguity can becomes evident when placed in the context of the overall statutory scheme. *See King v. Burwell*, 135 S.Ct. 2480, 2492 (2015). The Code Construction Act expressly authorizes a court to consider the object of the statute, the consequences of a construction, and the legislative history, whether or not a statute is ambiguous. TEX. GOV'T CODE § 311.023. Legislative intent is determined from an entire act, not just portions of text read in isolation. *Jones v. Fowler*, 969 S.W.2d 429, 432 (Tex. 1998).

This Court has applied the principle that an otherwise "plain" meaning is ambiguous where the statute does not provide guidance on application in a specific situation. *See, e.g., Hernandez*, 127 S.W.3d at 771; *Garcia v. State*, 387 S.W.3d 20, 24 (Tex. Crim. App.2012) (whether article 42.12, section 24 of the Code of Criminal Procedure replaces a common law defense); *Brown v. State*, 98 S.W.3d 180, 183-85 (Tex. Crim. App. 2003) (finding ambiguous a statute silent on definition of "voluntarily"); *Lanford v. Fourteenth Court of Appeals*, 847 S.W.2d 581, 587 (Tex. Crim. App.1993) (finding ambiguous a statute silent on whether "a case" refers to a criminal case or a civil case). Similarly, the statutes that authorize imposition of mandatory court costs in Government Code Chapter 102 are entirely

8

silent as to whether costs should be assessed for each offense when multiple convictions are obtained in one cause. That silence is ambiguity.

The statutes could be read to mean that costs are triggered on conviction of *each* offense; they could also be read to mean that costs are triggered by the conviction itself which in this case was one adjudication based upon one plea agreement following one revocation hearing. Because the language can be read to have two different meanings as applied in this circumstance, the statutes are ambiguous and the court of appeals erred in refusing to consider extra textual factors such as the legislative history and the statutory scheme. *Garcia*, 387 S.W.3d at 24; *Hernandez*, 127 S.W.3d at 771; *State v. Neesley*, 239 S.W.3d 780, 783 (Tex. Crim. App. 2007).

Consideration of the standard tools for resolving statutory ambiguity compels the conclusion that the Legislature did not intend to assess court costs for each offense that is tried in one case as such a result would be punitive, and not consistent with the purposes of court costs. An assessment of court costs in a criminal case is "intended by the Legislature as a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of a case." *Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009). The purpose of assessing costs is to offset the fixed overhead expenses of judicial resources that must be available for any one case. *See Drisker v. State*, No. 03-13-00356-CR, 03-13-

9

00357-CR; 2014 WL 4063339, *2 (Tex. App.—Austin, Aug. 14, 2014, no pet.h.); *Weir*, 278 S.W.3d at 367. Fixed costs in criminal causes are, in that way, similar to the court costs assessed against a losing party in civil litigation – compensatory costs to support the overhead of the judicial process. *See Weir*, 278 S.W.3d 366 n.4. Accordingly, just as in a civil case where the losing party is not assessed separate costs for each individual cause of action, the convicted defendant should not be assessed separate costs for each conviction tried as part of a single filed case. In a cause where everything has been consolidated, there is not any extra expenditure of fixed overhead costs associated with the case.

Moreover, the State alone enjoys complete discretion as to whether to file multiple charges in multiple cases or in a single court case. Section 3.02 of the Penal Code allows the State to prosecute a defendant in a single criminal action for all offenses arising out of the same criminal episode. Section 3.03 provides that if an accused is found guilty for more than one offense in a consolidated action, the sentences must run concurrently. "In effect this section treats multiple convictions resulting from prosecution of joined offenses as a single conviction for sentencing purposes." Practice Commentary to Section 3.03, cited with approval in *State v. Crook*, 248 S.W.3d 172, 175 (Tex. Crim. App. 2008).

In *Crook*, this Court reviewed the legislative history behind Section 3.03. One of the reasons for the legislation was to "provide prosecutors with a way to

10

clear crowded dockets and to save tax-payer money by disposing of multiple crimes in one trial." *Crook*, 248 S.W.3d at 177 (quoting prosecutor Tom Hanna's testimony before the House Criminal Jurisprudence Sub-Committee). Should a defendant wish to sever the offenses, she would have the right to do so but then would face the risk of stacked sentences. *Id.* She would also risk the imposition of additional court costs because the prosecution would involve additional resources of the court.

The Legislature's intent that mandatory court costs be assessed per proceeding becomes evident when other court-cost statutes are analyzed. For instance, article 102.005 of the Code of Criminal Procedure provides that a "defendant convicted of an offense" shall pay for the services of the clerk of court. TEX. CODE CRIM. PROC. art. 102.005(a). Those services include all clerical duties of a clerk, including filing the complaint, docketing the case, taxing costs, issuing writs and subpoenas, swearing in and impaneling a jury, receiving and recording the verdict, filing each paper in the case, and swearing in the witnesses. *Id.* art. 102.005(c). Appellant was assessed this cost twice. CR 283.

But when the State chooses to consolidate the prosecution of more than one offense in one cause, as it did in this case, these services are only provided once: one docket, one proceeding, one jury. There is only one appeal. The same is true for each of the other mandatory costs that were assessed twice against Appellant

11

such as the jury reimbursement fee, the e-filing fund fee, the records management fee, and the courthouse security fee. These are costs that reimburse the courts for the judicial overhead potentially associated with a case brought in court, and should therefore only be assessed once per cause.

Other evidence that costs were intended to be assessed only once per proceeding are found within the statutory scheme. For instance, article 102.008 of the Code of Criminal Procedure, which refers to the prosecution of misdemeanors or gambling offenses, provides that the defendant "convicted of a misdemeanor or a gambling offense" shall pay the fee for the trial. TEX. CODE CRIM. P. art. 102.008(a). However, if two or more defendants are tried jointly, only one fee may be charged. *Id.* art. 102.008(c). Under the court of appeals' interpretation of the "plain language" of "convicted of an offense," the trial court must impose the prosecutor fee twice if one defendant were convicted of two offenses in one trial, even though the Legislature expressly provided that two defendants convicted in one trial would share the cost.

In sum, the language of the court-cost statutes cannot be read apart from the statutory purpose to recoup costs associated with judicial overhead in the administration of a case. Once the State has made the decision to conserve resources by prosecuting multiple offenses in one consolidated cause, those court costs are consolidated as well. Absent a showing that multiple costs were actually

incurred, imposing duplicate costs against the defendant because she was convicted of more than one offense in a single proceeding is punitive.

Based upon the clear legislative intent that court costs are compensatory and that consolidated prosecutions save money, this Court should hold that court costs assessed when a defendant is "convicted of an offense" may only be assessed once when a defendant is convicted of multiple offenses tried in one cause unless services are actually incurred. With that premise, Appellant asks this Court to order that the following court costs be reformed:

**Criminal Court Cost** $ **266.** Texas Local Government Code § 133.102 and Government Code § 102.0212(a) impose an assessment of $133 on conviction of a felony. The judgment should be reformed to $133 if its assessment is not unconstitutional pursuant to pending litigation.[2]

**Judicial Support Fee $12.00.** Texas Local Government Code § 133.105 and Government Code § 102.0212(5) impose an assessment of $6.00 for court-related purposes for the support of the judiciary. This amount should be reformed to $6.

**Juror reimbursement fee $8.00**. A defendant convicted of an offense is liable for a fee to reimburse the county for juror services. TEX. CODE CRIM. PROC.

---

[2] Appellant notes that the constitutionality of this court cost is being reviewed, on remand from this Court. *Salinas v. State*, No. PD-0419-14, 2014 WL 3988955, *4 (Tex. Crim. App. 2015) (reversing judgment and remanding to the court of appeals to address the merits of defendant's constitutionality challenge).

§ 102.0045(a); TEX. GOV'T CODE § 102.021(1).  The amount should be reformed to $4.

**Criminal indigent defense fee $4.**  Local Government Code § 133.107 authorizes assessment of a $2 fee to fund indigent defense representation.  This amount should be reformed to $2.

**Time pay $50.**  Local Government Code § 133.103 and Government Code § 102.0212(4) impose a $25 fee for a convicted defendant's failure to pay a fine, court costs, restitution on or after the 31st date on which judgment is entered.  This amount should be reformed to $25 because no fine was assessed and court costs should only have been assessed once.

**District Clerk Fine/Criminal Clerk Fee $80.**  Code of Criminal Procedure § 102.005 and Government Code § 102.041(2) impose a fee of $40 for the services of the clerk of court to be assessed against a defendant convicted of an offense in district court.  The fee is for all clerical duties performed by the court including filing the complaint, docketing the case, and filing papers in the case.  TEX. CODE CRIM. PROC. § 102.005(c). This amount should be reformed to $40.

**Criminal Records Management $50.**  The $25 fee for records management is assessed for the services performed by the County under Chapter 203 of the Local Government Code (records management). TEX. CODE CRIM. PROC. §

102.005(f); TEX. GOV'T CODE § 102.041(3). The amount should be reformed to $25.

**District court technology fund $8.** A $4 fee is assessed against convicted defendants for the cost of education and training regarding technical enhancements and purchase and maintenance of technical enhancements for the court. TEX. CODE CRIM. PROC. § 102.0169; TEX. GOV'T CODE § 102.041(4). This amount should be reformed to $4.

**Criminal courthouse security $10.** Code of Criminal Procedure § 102.017 and Government Code § 102.041(5) impose a $5 security fee against a defendant convicted of a criminal offense in district court. This amount should be reformed to $5.

**Criminal e-filing fund $10.** Government Code sections 51.851 and 102.0415 impose a $5 fee for e-filing to be assessed against a defendant upon conviction of any criminal offense. Section 51.851(e) authorizes waiver of a fee for an individual a court determines is indigence. As Appellant was determined to be indigent, this amount should be reformed to 0.

**Motion to revoke $100.** No statute authorizes a fee for a motion to revoke. In this case, two motions were filed that were identical; Appellant was arrested once for both motions. Assuming that the clerk intended this fee to apply to the services of law enforcement in arresting her pursuant to Government Code §

102.021(3)(B) and Code of Criminal Procedure § 102.011(a)(2)(A), the fee should only have been assessed once.  This amount should be reformed to $50.

The Clerk properly assessed a $60 cost for drug court pursuant to article 102.0178 of the Code of Criminal Procedure.


## PRAYER

WHEREFORE, premises considered, Appellant prays that her petition for discretionary review be granted and that the Court grant oral argument.  On consideration of the issue presented in the petition, Appellant requests that the Court reverse the judgment of the Thirteenth Court of Appeals with respect to her challenge to court costs, vacate the judgment as to court costs, and reform the judgment as requested below to reflect court costs reduced to $334 and that the second order to withdraw funds from her inmate trust account vacated.

Appellant further prays for such other relief to which she may be entitled.

Respectfully submitted,


**/s/ Julie Balovich**
Julie Balovich
SBN 24036182
Bee County Regional Public Defender
331A North Washington Street
Beeville, Texas 78102
Tel: (361) 358-1925
Fax:  (361) 358-5158
jbalovich@trla.org

16

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing brief was served on

Jose Aliseda, 111 S. St. Mary's, Suite 203, Beeville, TX 78102

Edward Shaughnessy, III, 203 E. Locust, San Antonio, TX 78212

State Prosecuting Attorney, P.O. Box 13046, Austin, TX 78711-3046

Via their addresses on file with the electronic filing manager on this 20th day of

August, 2015.

**/s/ Julie Balovich**
Julie Balovich


## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with Texas Rule of Appellate

Procedure 9.4.  The computer-generated word count for the items required to be

counted in this document pursuant to Rule 9.4(i)(1) is 3,252 words.

**/s/ Julie Balovich**
Julie Balovich

**Appendix**

**Tab 1**     **Copy of the Fourth Court of Appeals Opinion in** *Jennifer Nicole Pena  v. State of Texas*

**Tab 2**     **Order Denying Motion for Rehearing**

**Tab 3**     **Order Denying Motion for Reconsideration** *En Banc*



NUMBER 13-14-00291-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JENNIFER PENA,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                           Appellee.

On appeal from the 156th District Court
of Live Oak County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza and Longoria
### Memorandum Opinion by Justice Longoria

By three issues, appellant Jennifer Pena challenges the trial court's judgments

revoking her deferred-adjudication community supervision and imposing two concurrent

sentences of two years' imprisonment in a state jail facility. We affirm as modified.

## I. BACKGROUND

The State charged appellant under a single cause number with possession of less than one gram of cocaine, a state-jail felony (Count 1), and tampering with physical evidence, a third-degree felony (Count 2). *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West, Westlaw through 2013 3d C.S.); TEX. PENAL CODE ANN. § 37.09(a)(1), (c) (West, Westlaw through 2013 3d C.S.). The charges arose from a traffic stop on November 23, 2011, in George West, Texas, during which police found a bag containing a white powdery substance on the ground near appellant after police asked her to exit the front passenger seat of the vehicle. The contents of the bag later tested positive for cocaine.

Pursuant to a plea agreement, the trial court signed an order placing appellant on deferred-adjudication community supervision for a term of five years. In the same order, the trial court ordered appellant to pay $140 in restitution on Count 1, a $1,500 fine on Count 2, and court costs. On April 2, 2014 the State filed two motions to revoke alleging nine identical violations on each count of the terms and conditions of appellant's community supervision. The State alleged that appellant: (1) failed to report to her supervision officer; (2) failed to attend substance abuse treatment; (3) failed to complete substance abuse treatment; (4) failed to submit to urinalysis testing; (5) failed to pay the fine and court costs; (6) failed to pay restitution; (7) failed to pay community supervision fees; (8) failed to attend moral reconation therapy; and (9) failed to complete moral reconation therapy.

Appellant was taken into custody on April 6, 2014. She filed an affidavit of indigence on April 9, 2014. Appellant averred in the affidavit that her three minor

2

daughters resided with her and that she paid $500 a month in child support. On April 10, 2014, appellant sent a letter to the district court asking to be notified of the date of her court appearance so she could "get back to my kids, work, and home." The trial court held a hearing on the State's motion to revoke on April 25, 2014. At the beginning of the hearing, appellant plead "true" to all of the allegations contained in the State's motions. Appellant's counsel called appellant to testify to explain why she violated the terms and conditions of her community supervision. During this testimony, appellant stated that her monthly bills included "child support." The trial judge asked whether she had custody of her children. Appellant responded, "No, not at the moment, I have visitation and joint [custody]."

Based on appellant's pleas of true, the trial court found that appellant violated the terms and conditions of her supervision. The State recommended that the court place appellant in an Intermediate Sanction Facility's cognitive program to address her decision-making abilities. Appellant's counsel had no objection, but recalled appellant to the stand to testify regarding her requested sentence. The following exchange occurred between appellant, her counsel, and the trial court:

[Defense]: What is it that you're asking the Court to consider today?

[Appellant]: For a stronger probation. I mean, I'll do house arrest, monitor, the works, report every week. I have to get back to my girls. There is a CPS case against the dad and it's horrible. They're missing school, they were being left home alone while they work on like holidays and weekends and stuff. I have an eleven, seven and a five-year old and there's six kids in their house and they're all being left alone. There's been a past of abuse from their stepmother. She's been removed from the house by CPS and then she was gone for like three months and then she came back and she took her classes. My girls are begging for me. Before I came in I had my life in order, things were going great. I was getting to where I needed to

3

be and my girls were begging for me, mom we don't want to live with daddy anymore. They were telling me stories that was happening to them. Just, you know, their physical appearance is horrible—

The Court: Okay, I've heard enough. Ms. Pena, you have written a letter which is in the Court's file saying that you have three children, that you are a single mom and you need my help. While on the face of that, that is true, but you have led me to believe through that letter that you had custody of these children and you do not.

[Appellant]: No, not full custody.

The Court: I don't want to hear any more about that. You have deliberately misled this Court.

[Appellant]: No, I don't have full custody of them.

The Court: Anything further?

[Defense]: Ms. Pena, is there anything else you want the Court to consider? You're asking for house arrest with an ankle monitor?

The Court: I don't want to hear anything else.

[Defense]: What are you going to do about getting to the classes?

[Appellant]: My license is, I think, it was February or March that I could get it back and get my license so I could take myself to class to get to, you know, where I need to be. I can't depend on anybody else, all I can depend on is myself.

Appellant continued to testify following this exchange. At the end of the hearing, the trial court orally pronounced sentence at two years' imprisonment in state jail on each count, no fine or restitution, and court costs. The court later issued a separate written judgment of conviction for each count. The judgment for Count 1 assessed $359 in court costs, and the judgment for Count 2 assessed $299 in court costs. The district clerk

4

issued a single certified bill of costs that assessed the total amount of costs in each judgment as $658.

## II. DUE PROCESS

Appellant asserts in her first issue that the trial court denied her due process by arbitrarily refusing to consider the full range of punishment. We disagree.

### A. Preservation of Error

As a preliminary matter, the State argues that appellant has waived this issue by failing to object. The State analogizes to *Rhoades v. State*, where the Texas Court of Criminal Appeals concluded that the defendant waived a claim that a sentence constituted cruel and unusual punishment by failing to object. 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). However, the Texas Court of Criminal Appeals recently decided that no objection is necessary to preserve an issue that the trial court arbitrarily refused to consider the full range of punishment in a revocation hearing. *Grado v. State*, 445 S.W.3d 736, 741 (Tex. Crim. App. 2014). We reject the State's waiver argument and will address appellant's first argument on the merits. *See id.*

### B. Applicable Law

"Due process requires a neutral and detached hearing body or officer." *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973)). A court's arbitrary refusal to consider the entire applicable range of punishment denies the defendant due process. *Grado*, 445 S.W.3d at 739; *Ex parte Brown*, 158 S.W.3d 449, 454 (Tex. Crim. App. 2005). In the absence of a clear showing to the contrary, we will presume that the trial judge was neutral, detached, and unbiased. *Brumit*, 206 S.W.3d at 645 (citing *Thompson v. State*, 641 S.W.2d 920, 921 (Tex. Crim.

5

App. [Panel. Op.] 1982)). Indications that the trial judge was not biased include: (1) the record reflects that the trial court heard extensive evidence before assessing punishment; (2) the record contains explicit evidence that the trial court considered the full range of punishment; and (3) the trial court made no comments indicating that it considered less than the full range of punishment. *See id.*

## C. Discussion

Appellant argues that the record rebuts the presumption that the trial judge was impartial because "the record clearly shows [that] the trial court did not consider the full range of punishment nor the evidence presented once she became convinced that [appellant] had attempted to deceive the court." Appellant, however, does not direct us to any evidence in the record that the trial court did not consider the entire applicable range of punishment or refused to consider any evidence. The record reflects only that the trial court stated that she did not wish to hear more about the living situation of appellant's children after permitting appellant to testify at length on that matter. Furthermore, the trial court permitted appellant to continue testifying until her counsel passed the witness and rested. In the absence of any indication that the trial court did not consider the full range of punishment, we must presume that the trial court was fair and impartial. *See id.* We overrule appellant's first issue.

## III. COURT COSTS

By her second issue, appellant challenges the assessment of courts costs against her in both judgments. She asserts that section 102.021 of the Texas Government Code is ambiguous regarding whether costs are to be assessed each time a person is convicted

6

of an offense or each time a criminal trial terminates in one or more convictions. *See* TEX. GOV'T CODE ANN. § 102.021 (West, Westlaw through 2013 3d C.S.). We disagree.

## A. Standard of Review and Applicable Law

Statutory interpretation is a question of law that we review de novo. *Tha Dang Nguyen v. State*, 359 S.W.3d 636, 641 (Tex. Crim. App. 2012). Our goal in interpreting a statute is to effect the collective intent of the Texas Legislature. *Id.* We begin our analysis with language of the statute and "attempt to discern the fair, objective meaning of that text at the time of its enactment." *Reynolds v. State*, 423 S.W.3d 377, 382 (Tex. Crim. App. 2014) (citing and quoting *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)). If the statute's language is clear and unambiguous, we will give effect to its plain meaning unless that interpretation would lead to absurd consequences that the Legislature could not have intended. *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). Terms not defined in a statue are to be given their "plain and ordinary meaning." *Id.* at 171.

The Texas Code of Criminal Procedure requires that a convicted defendant pay court costs. TEX. CODE CRIM. PROC. ANN. arts. 42.15 (applying when the punishment is only a fine), 42.16 (applying when punishment imposed is other than a fine) (West, Westlaw through 2013 3d C.S.); *see Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). Only statutorily-authorized court costs may be assessed against a defendant. TEX. CODE CRIM. PROC. ANN. art. 103.002. All costs assessed against a defendant "can be separated into two categories: (1) mandatory costs and (2) discretionary costs." *Johnson*, 423 S.W.3d at 389. Section 102.021 of the Texas Government Code provides a mandatory, non-exclusive list of costs in the Texas Code

7

of Criminal Procedure that "[a] person convicted of an offense shall pay." Tex. Gov't Code Ann. § 102.021 (West, Westlaw through 2013 3d C.S.); *see Armstrong v. State*, 340 S.W.3d 759, 763 (Tex. Crim. App. 2011) (observing that the assessment of costs in section 102.021 of the Texas Government Code is mandatory).

## B. Discussion

Appellant asserts that the trial court erred by assessing court costs against her in both judgments. Appellant argues that the phrase "a person convicted of an offense shall pay" in section 102.021 of the Texas Government Code is ambiguous because it could mean either that the court must assess costs for each *offense* on which the defendant is convicted or for each *proceeding* that ends with a conviction on one or more offenses. The State responds that by issuing two judgments, the trial judge was obligated to assess court costs in both.

We reject appellant's argument that the statute is ambiguous. "A statute is ambiguous when it is reasonably susceptible to more than one understanding." *Chase v. State*, 448 S.W.3d 6, 11 (Tex. Crim. App. 2014) (internal quotations omitted); *Baird v. State*, 398 S.W.3d 220, 229 (Tex. Crim. App. 2013). The statute provides that "[a] person convicted of an *offense* shall pay" a non-exclusive list of costs provided for in the Texas Code of Criminal Procedure. Tex. Gov't Code Ann. § 102.021 (emphasis added). The Legislature opted to use the term "offense" in the statute, the ordinary meaning of which is "a violation of the law; a crime." Black's Law Dictionary 1187 (9th ed. 2009). Thus, the plain meaning of the words the Texas Legislature chose for the statute refer to conviction for a particular offense and not a proceeding or hearing. *See Dobbs*, 434 S.W.3d at 171 (observing that we give terms not defined by the statute their common and

8

ordinary meaning). We see nothing in the statute which makes it susceptible to a different meaning, and appellant does not explain further.[1] Applying the plain meaning of the words of the statute as we must, we conclude that the trial court did not err in assessing court costs in both judgments. *See id.* at 170. We overrule appellant's second issue.

## IV. MODIFICATION

By her final issue, appellant requests that we modify the judgment. On Count 1, appellant requests that we modify the judgment to reflect that: (1) appellant's sentence on this count of two years' imprisonment was not the result of a plea bargain; and (2) the trial court ordered appellant to pay court costs but no fine or restitution. Appellant requests that we modify the judgment on Count 2: (1) to reflect that the correct penal code section of the charged offense was section 37.09(a)(1); (2) to reflect that the court ordered that appellant serve the sentence on Count 2 in a state jail facility; and (3) to delete the notation that the trial court assessed a $1,500 fine. Appellant further requests that we modify both judgments to reflect the trial court's findings as to how she violated the terms and conditions of her community supervision. The State does not oppose appellant's requests.

This Court has the authority to modify the judgment when we have the information to do so, *see* TEX. R. APP. P. 43.2(b), including when the written judgment is inconsistent with the trial court's oral pronouncement of sentence. *See Forcey v. State*, 265 S.W.3d 921, 925 (Tex. App.—Austin 2008, no pet.); *see also Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014) (restating the general rule that "when there is a conflict between

---

[1] Appellant spends the remaining portion of her second issue discussing the legislative history of several provisions of the Texas Penal Code and the Texas Government Code. However, when construing a statute, appellate courts may not consider extrinsic aids such as legislative history without first concluding that the meaning of a statute is ambiguous. *Chase v. State*, 448 S.W.3d 6, 11 (Tex. Crim. App. 2014).

the oral pronouncement [of sentence] and the written judgment, the oral pronouncement controls.").

With one exception, we conclude that the record supports appellant's requests.[2] Accordingly, we modify the judgment on Count 1 to reflect that the sentence of imprisonment for two years was not imposed pursuant to a plea bargain and that the trial court did not assess any fine or restitution on this count. We modify the judgment on Count 2 to reflect that appellant was convicted under section 37.09(a)(1) of the Texas Penal Code, that appellant was sentenced to two years' imprisonment in a state jail facility, and that there was no fine assessed. *See* Tex. Penal Code Ann. § 37.09(a)(1). However, we decline appellant's request to modify the judgment to reflect the trial court's findings because we do not have the necessary information; the trial court did not specify which of the alleged violations it relied on in revoking appellant's probation.[3] With the forgoing exception, we sustain appellant's third issue.

---

[2] The record reflects that the trial court orally pronounced sentence as follows:

> The Court is going to revoke the community supervision for [appellant] and sentence her in count one to two years in the State Jail division of the Texas Department of Criminal Justice. As to count two, the third-degree felony, two years to run concurrent with the State Jail felony sentence. There will be no fine, there will be no restitution, court costs will be assessed.

[3] A defendant whose probation is revoked has a due process right to a written statement of "the fact finder as to the evidence relied on and the reasons for revoking probation." *Ex parte Carmona*, 185 S.W.3d 492, 495 (Tex. Crim. App. 2006) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786, (1973)). However, an order revoking probation is sufficient without a recitation of the findings and conclusions on which the factfinder acted unless the appellant timely requested that the trial court to make such findings. *King v. State*, 649 S.W.2d 42, 46 (Tex. Crim. App. 1983) (en banc). The record does not reveal that appellant made any such request. *See id.; see also Lindsay v. State*, No. 03-10-00817-CR, 2012 WL 3797604, at *2 n.1. (Tex. App.—Austin Aug. 28, 2012, no pet.) (mem. op, not designated for publication) (collecting numerous cases applying the holding in *King*).

10

## V. CONCLUSION

We affirm the judgment of the trial court as modified.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
11th day of June, 2015.

11

FILE COPY



**CHIEF JUSTICE**
ROGELIO VALDEZ

**JUSTICES**
NELDA V. RODRIGUEZ
DORI CONTRERAS GARZA
GINA M. BENAVIDES
GREGORY T. PERKES
NORA L. LONGORIA

**CLERK**
CECILE FOY GSANGER

# Court of Appeals
## Thirteenth District of Texas

NUECES COUNTY COURTHOUSE
901 LEOPARD, 10TH FLOOR
CORPUS CHRISTI, TEXAS 78401
361-888-0416 (TEL)
361-888-0794 (FAX)

HIDALGO COUNTY
ADMINISTRATION BLDG.
100 E. CANO, 5TH FLOOR
EDINBURG, TEXAS 78539
956-318-2405 (TEL)
956-318-2403 (FAX)

www.txcourts.gov/13thcoa

July 24, 2015

Hon. Julie Michele Balovich
Texas Rio Grande Legal Aid, Inc.
114 N. 6th St.
Alpine, TX 79830
* DELIVERED VIA E-MAIL *

Hon. Edward F. Shaughnessy III
Attorney at Law
206 E. Locust Street
San Antonio, TX 78212
* DELIVERED VIA E-MAIL *

Hon. Jose L. Aliseda
Bee County District Attorney
111 S. St. Mary's St., Ste. 203
Beeville, TX 78102
* DELIVERED VIA E-MAIL *

Re:      Cause No. 13-14-00291-CR
Tr.Ct.No.  L-12-0036-CR-B
Style:    Jennifer Pena v. The State of Texas

Appellant's motion for rehearing in the above cause was this day DENIED by this Court.

Very truly yours,

Cecile Foy Gsanger, Clerk

CFG:jgp

cc:     State Prosecuting Attorney (DELIVERED VIA E-MAIL)

FILE COPY



**CHIEF JUSTICE**
ROGELIO VALDEZ

**JUSTICES**
NELDA V. RODRIGUEZ
DORI CONTRERAS GARZA
GINA M. BENAVIDES
GREGORY T. PERKES
NORA L. LONGORIA

**CLERK**
CECILE FOY GSANGER

# Court of Appeals
## Thirteenth District of Texas

NUECES COUNTY COURTHOUSE
901 LEOPARD, 10TH FLOOR
CORPUS CHRISTI, TEXAS 78401
361-888-0416 (TEL)
361-888-0794 (FAX)

HIDALGO COUNTY
ADMINISTRATION BLDG.
100 E. CANO, 5TH FLOOR
EDINBURG, TEXAS 78539
956-318-2405 (TEL)
956-318-2403 (FAX)

*www.txcourts.gov/13thcoa*

July 24, 2015

Hon. Julie Michele Balovich
Texas Rio Grande Legal Aid, Inc.
114 N. 6th St.
Alpine, TX 79830
* DELIVERED VIA E-MAIL *

Hon. Edward F. Shaughnessy III
Attorney at Law
206 E. Locust Street
San Antonio, TX 78212
* DELIVERED VIA E-MAIL *

Hon. Jose L. Aliseda
Bee County District Attorney
111 S. St. Mary's St., Ste. 203
Beeville, TX 78102
* DELIVERED VIA E-MAIL *

Re:      Cause No. 13-14-00291-CR
Tr.Ct.No.  L-12-0036-CR-B
Style:    Jennifer Pena v. The State of Texas


    Appellant's motion for rehearing en banc in the above cause was this day DENIED by this Court.


Very truly yours,

Cecile Foy Gsanger

Cecile Foy Gsanger, Clerk

CFG:jgp

cc:    State Prosecuting Attorney (DELIVERED VIA E-MAIL)