**Affirmed and Opinion Filed April 22, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00544-CR

## PAMELA DIANE CONTRERAS, Appellant
## V.
## THE STATE OF TEXAS, Appellee

On Appeal from the 196th Judicial District Court
Hunt County, Texas
Trial Court Cause No. 29541

## MEMORANDUM OPINION
Before Justices Fillmore, Stoddart, and Schenck
Opinion by Justice Stoddart

Pamela Diane Contreras appeals from the judgment revoking her community supervision. Contreras pleaded true to all but one of the alleged violations of the conditions of her community supervision, the trial court accepted her plea, heard evidence from both sides, revoked her community supervision and sentenced her to two years in the state jail. She argues a comment by the trial court during the evidentiary hearing indicated the court did not consider the full range of punishment and violated her rights to due process. She also contends her trial counsel was ineffective for failing to raise inability to pay as a defense to some of the violations. We affirm.

After pleading guilty to driving while intoxicated with a child passenger, Contreras was placed on community supervision for three years. *See* TEX. PENAL CODE ANN. § 49.045. The State moved to revoke her community supervision alleging a total of eight violations.

Ultimately, the State abandoned its first violation and Contreras pleaded true to violations 2 through 7. These included her failure to complete a victim impact panel, failure to complete the DWI repeat offender program, failure to attend and participate in Alcoholics Anonymous, failure to perform required community service, and failure to pay her fines, fees and costs. The trial court heard evidence after accepting her pleas. At the conclusion of the hearing, the court revoked her community supervision and sentenced Contreras to two years in state jail.

In her first issue, Contreras argues the trial court refused to consider the entire range of punishment in violation of her rights to due process. Her argument is based on the following exchange:

Q: (By Defense Counsel) What are your expenses every month?

A: I had a house payment that –

THE COURT: Okay. What's the relevance of that?

PROSECUTOR: I'll object to relevance, your Honor.

THE COURT: She's pled true to those allegations. She could have pled not rue [sic] and put that in play. But she pled true. What's the relevance now to her expenses?

DEFENSE: Well, the relevance is related to why she didn't make the payments and –

THE COURT: But that's a defense.

DEFENSE: And it's a punishment issue.

THE COURT: That's a defense. I can't make payments is a defense. And she pled true. Now, if you want to argue now that she can't make the payments just asker [sic] that and move on. I'm not going to take that into consideration in making a punishment decision anyway.

Most appellate complaints must be preserved by a timely request for relief at the trial court level. *See* TEX. R. APP. P. 33.1; *Unkart v. State*, 400 S.W.3d 94, 98 (Tex. Crim. App. 2013); *Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). Even claims involving

constitutional error, including claims that due process rights have been violated, may be waived by failing to object. *Hull v. State*, 67 S.W.3d 215, 218 (Tex. Crim. App. 2002); *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990).

We need not decide in this case whether a contemporaneous objection was required in order to preserve the due process complaint, because, after reviewing the record, we do not find the unique circumstances that would allow us to review the issue in the absence of an objection in the trial court. *See Brumit v. State*, 206 S.W.3d 639, 644–45 (Tex. Crim. App. 2006) (declining to resolve preservation issue because record did not reflect partiality of trial court or that predetermined sentence was imposed). Absent a clear showing of bias, a trial court's actions will be presumed to have been correct. *Id.* (citing *Thompson v. State*, 641 S.W.2d 920, 921 (Tex. Crim. App. 1982)).

The single comment by the trial court relied on by Contreras does not indicate the court failed to consider the full range of punishment. Rather, it indicates the court no longer considered her ability to pay relevant in light of her plea of true to the allegations in the State's Motion to revoke. In support of her position, Contreras cites a line of cases including *Jefferson v. State*, 803 S.W.2d 470, 741 (Tex. App.—Dallas 1991, pet. ref'd), wherein the trial court announced during the original plea hearing its predetermined intent to impose a maximum or harsh sentence should the defendant violate the terms of probation. Here, no such announcement was made and the record reflects no predetermined intent of the court to impose a particular sentence. Indeed, the trial judge at the revocation hearing was not the same judge who placed Contreras on community supervision. The trial court conducted a full hearing on the State's Motion to Revoke Community Supervision with evidence from both sides regarding punishment. *See Brumit*, 206 S.W.3d at 645–46. Contreras presented mitigation evidence about her unemployment, disability and mental health issues, her lack of transportation, her abusive husband, and her medications.

Contreras also testified about regaining her vehicle after it was stolen and that her husband was taking anger management classes and would help her make her appointments.

The comments of the trial court do not reflect bias, partiality, or that the trial court did not consider the entire range of punishment. We overrule Contreras's first issue.

Contreras's second issue asserts her trial counsel was ineffective for failing to raise inability to pay as a defense to the non-payment violations and for advising her to plead true to all of the alleged violations.

To successfully assert an ineffective assistance of counsel claim on direct appeal, Contreras must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced her; that is, but for the deficiency, there is a reasonable probability that the result of the proceeding would have been different. *See Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). The "claim must be firmly founded in the record and the record must affirmatively demonstrate the meritorious nature of the claim." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Absent an opportunity for trial counsel to explain the conduct in question, an appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 392. Appellant has the burden to prove her claim by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We indulge in a strong presumption that counsel's conduct was *not* deficient. *Nava v. State*, 415 S.W.3d 289, 308 (Tex. Crim. App. 2013). Failure to make the required showing of either deficient performance or sufficient prejudice defeats an ineffective assistance claim. *See Andrews*, 159 S.W.3d at 101.

Contreras did not raise ineffective assistance in her motion for new trial. There is no record showing why counsel did not raise inability to pay as a defense and no evidence to

overcome the presumption that counsel provided reasonable assistance. *See Goodspeed*, 187 S.W.3d at 392. Moreover, counsel's decision not to raise the defense is not "so outrageous that no competent attorney" would have done the same given the evidence of violations of other conditions, such as failing to attend Alcoholics Anonymous, DWI classes, and community service. *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). We conclude the record is insufficient to show deficient performance. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). We overrule Contreras's second issue.

Having overruled Contreras's issues, we affirm the trial court's judgment.

/Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
150544F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PAMELA DIANE CONTRERAS, Appellant

No. 05-15-00544-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th Judicial District Court, Hunt County, Texas
Trial Court Cause No. 29541.
Opinion delivered by Justice Stoddart.
Justices Fillmore and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 22nd day of April, 2016.